**UNITED STATES**

v.

**Staff Sergeant Stanislaus J. WIERZBA, United States Air Force.**

**ACM 23012.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 21 Nov. 1980.

Decided 10 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, and Major William Ronald Smith, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Michael J. Hoover.

Before ARROWOOD, MAHONEY and MILLER, Appellate Military Judges.

## DECISION

MILLER, Judge:

Tried by general court-martial, consisting of military judge alone, the accused was convicted, pursuant to his pleas, of three acts of sodomy, two acts of taking improper and indecent liberties, and six acts of lewd and lascivious conduct in violation of Articles 125 and 134, Uniform Code of Military Justice, (UCMJ), 10 U.S.C. §§ 925, 934. The victims were five boys, ranging in age from 12 to 16 years. The approved sentence extends to a dishonorable discharge, confinement at hard labor for 18 years, forfeitures of $300.00 per month for two years, and reduction to airman basic.

The sole assertion of error on appeal is that the court-martial lacked jurisdiction to try four of the specifications because they occurred outside the limits of the military installation.

The accused, a staff sergeant, assigned to and living on Nellis Air Force Base, was also a member of, and officer in, the Clark County, Nevada, Civil Air Patrol (CAP). This organization is a part of the Civil Air Patrol which is an auxiliary of the United States Air Force. Part of its function is to train its Cadet members, who range in age from 12 through 17, in citizenship, character development, leadership, customs and courtesies of the service, and exercise of command through self-government in the Cadet organization.

The accused's activities with the Civil Air Patrol were not related to his assigned military duties as an "egress technician", and his activities with the Civil Air Patrol were conducted in a "civilian" rather than a "military" capacity. However, his status as an active duty Air Force member, wearing an Air Force uniform with distinctive Civil Air Patrol lapel insignia while participating in an auxiliary Air Force organization, was viewed by the leadership of that organization and the public as setting forth a role model of Air Force personnel for CAP Cadet members to emulate.

All the offenses of which the accused was convicted, both on and off base, shared the following common characteristics. Each of the five victims was a dependent of active duty Air Force personnel, residing on Nellis Air Force Base. The accused's initial meeting with each victim occurred either on Nellis Air Force Base or at a Civil Air Patrol meeting. The accused's initial conversations with each of his victims centered around participation in Civil Air Patrol activities. He engaged each victim in discussions concerning homosexuality and a "book" he was purportedly writing on the subject while transporting them in his vehicle between their on-base residences and off-base Civil Air Patrol activities. He employed each of the victims to babysit at his on-base residence, where he showed each of them erotic literature. Each offense was committed following these other activities, either on Nellis Air Force Base, or while the accused was transporting the victim between the victim's on-base residence and purported Civil Air Patrol activity off base.

Based upon these facts, we make the following findings, with regard to the four off-base offenses: (a) that the accused used his status as an active duty Air Force member in a scheme to prey upon Civil Air Patrol Cadet victims; (b) that he used his on-base housing and erotic materials contained therein, in this same scheme; (c) that he used his Air Force status, and re-

sultant access to base, to victimize Air Force dependents whom he picked up in his car at their on-base residences; and (d) that, by such conduct, he violated the personal security of Air Force families residing on an air force base,[1] and disgraced the public image of both the United States Air Force and its auxiliary Civil Air Patrol.[2]

We believe the military's interest in prosecuting the off-base portion of the charged offenses far exceeds that of the adjacent community wherein the offenses were committed.[3] Accordingly, the approved findings of guilty and the sentence are

AFFIRMED.

ARROWOOD, Senior Judge, and MAHONEY, Judge, concur.

---

1. *Relford v. Commandant,* 401 U.S. 355, 368, 91 S.Ct. 649, 657, 28 L.Ed.2d 102 (1971), *United States v. Trottier,* 9 M.J. 337, 341 (C.M.A.1980).

2. *Relford v. Commandant, supra,* p. 368, 91 S.Ct. p. 657, *United States v. Trottier, supra,* p. 341.

3. *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975), *United States v. Trottier, supra,* p. 343.