UNITED STATES, Appellee,

v.

Dennis M. HENDRICKSON, Hull Maintenance Technician Fireman, USN Appellant.

No. 45,649.
NMCM 82–5300.

U.S. Court of Military Appeals.

July 11, 1983.

For Appellant: *Lieutenant Commander David S. Durbin,* JAGC, USNR, *Lieutenant Philip J. Shebest,* JAGC, USNR, and *Lieutenant Lois B. Agronick,* JAGC, USNR (on petition).

For Appellee: *Commander W.J. Hughes,* JAGC, USN, and *Lieutenant Steven P. Benson,* JAGC, USNR (on petition).

*Opinion of the Court*

PER CURIAM:

■ In separate specifications appellant was convicted of having possessed 100 units more or less of Lysergic Acid Diethylamide (LSD) on board the USS SPERRY on or about May 18, 1982, and with having wrongfully introduced 100 units more or less of LSD into the USS SPERRY on or about May 18, 1982, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. It appears from the allegations in each specification and from the evidence adduced at trial that the LSD possessed on board the USS SPERRY on May 18, 1982, was the same LSD introduced the same day into the same ship. Accordingly, the specification alleging wrongful possession duplicated that alleging wrongful introduction, and the finding as to the former offense cannot stand. *United States v. Miles,* 15 M.J. 431 (C.M.A.1983); *United States v. Gonnella,* 14 M.J. 176 (C.M.A.1982); *United States v. Roman-Luciano,* 13 M.J. 490 (C.M.A.1982); *see United States v. Doss,* 15 M.J. 409 (C.M.A.1983); *United States v. Baker,* 14 M.J. 361 (C.M.A.1983).

■ Notwithstanding the failure of the military judge to indicate whether he treated these specifications as multiplicious for sentencing purposes, we are convinced—in light of the jurisdictional limits of the special court-martial which tried appellant,[1]

---

1. By pretrial agreement, the convening authority agreed to withdraw the specifications upon

which appellant was tried from an Article 32

the other offenses involved,[2] and appellant's prior record of four nonjudicial punishments—that appellant's sentence[3] was not enhanced by failure to set aside the multiplicious finding. Accordingly, no relief in the sentence is required.

The decision of the United States Navy-Marine Corps Court of Military Review is reversed as to specification 3 of Charge I (wrongful possession of LSD). The finding of guilty of specification 3 of Charge I is set aside, and that specification is dismissed. In all other respects the decision is affirmed.

Judge COOK concurs in the result.

---

investigation and to refer them for trial by special court-martial.

2. Appellant also was convicted of transferring the same 100 units of LSD; use of LSD; and conspiracy to introduce the 100 units of LSD, in violation of Articles 92 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 881, respectively.

3. Appellant's adjudged and approved sentence extended to a bad-conduct discharge, confinement at hard labor for 180 days, forfeiture of $367 pay per month for 6 months, and reduction to pay grade E–1.