UNITED STATES, Appellee,

v.

Eric BULLINGTON, Private, U.S. Army, Appellant.

No. 48,149.

CM 444499.

U.S. Court of Military Appeals.

July 2, 1984.

---

For Appellant: *Colonel William G. Eckhardt* and *Major Paul J. Luedtke* (on petition).

For Appellee: *Colonel James Kucera, Lieutenant Colonel John T. Edwards, Major Joseph A. Rehyansky, Captain Kurt J. Fischer* (on petition).

1. Bullington also pleaded guilty to and was convicted of possessing one kilogram of marihuana in the hashish form on September 5, 1982.

*Opinion of the Court*

PER CURIAM:

Pursuant to his pleas, appellant was convicted by general court-martial of two specifications each of possession and use of heroin,[1] in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His sentence was a dishonorable discharge, confinement for 30 months, and forfeiture of $400.00 pay per month for 30 months. The convening authority approved these results, and the United States Army Court of Military Review affirmed.

In this Court, Bullington contends [2] that under the facts of his case the two specifications alleging possession of heroin were multiplicious for findings purposes with the specifications alleging use of heroin. We agree.

I

In two separate specifications, appellant was charged with "possession [of] some amount of heroin" at a particular place on September 5, 1982, and with "use [of] heroin" at the same place and on the same date. In two other specifications, appellant was charged with "possession [of] some amount of heroin, a Schedule I controlled substance" at a particular place on April 18, 1983, and with "use [of] heroin, a Schedule I controlled substance" at the same place and on the same date. The providence inquiry into appellant's tendered pleas of guilty makes clear—as seems implicit in the language of these specifications—that in each instance the amount of heroin appellant used was precisely the amount he possessed. Under the test we announced in *United States v. Baker*, 14 M.J. 361, 368 (C.M.A. 1983), each possession was included in and multiplicious with the related use. *Cf. United States v. Hendrickson*, 16 M.J. 62 (C.M.A 1983)(possession and introduction of the same amount of a controlled substance are multiplicious for findings). *Accord United*

2. We also granted review of an issue subject to *United States v. Clark*, 17 M.J. 431 (C.M.A. 1984).

States v. Miles, 15 M.J. 431 (C.M.A. 1983); *United States v. Roman-Luciano*, 13 M.J. 490 (C.M.A. 1982). *See also United States v. MacDonald*, 17 M.J. 347 (C.M.A. 1984) (possession and possession with intent to distribute are multiplicious for findings).

*United States v. Smith*, 14 M.J. 430 (C.M.A. 1983), on which the Government relies, is distinguishable. The facts set out in the opinion there reveal that the quantity of substance ·which the accused used was not the same quantity which he was found guilty of possessing. *Id.* at 431–32. Accordingly, under *Baker*, the possession was not lesser included within the use, and both findings could stand. *Cf. United States v. Morrison*, No. 44,703 (Daily Journal, April 23, 1984) (when the amount of a substance possessed is greater than that introduced, a specification alleging possession of the *excess* amount may stand alongside one alleging introduction).

The Government urges that, in any event, appellant waived any appellate complaint in this regard by failing to raise the issue at trial. However, we held to the contrary in *United States v. Holt*, 16 M.J. 393, 394 (C.M.A. 1983), for we "viewed as plain error the failure of the trial or intermediate appellate courts to dismiss the included offenses" if the offenses were multiplicious under *Baker*.

The Government also insists that appellant has demonstrated no prejudice from this error. Because the military judge treated these offenses as multiplicious for purposes of punishment, this contention is valid as to the sentence adjudged, but not as to the findings. Bullington is entitled to have his record of conviction reflect accurately the gravamen of his misconduct. *See United States v. Baker, supra*; *see also United States v. Doss*, 15 M.J. 409 (C.M.A. 1983).

## II

The decision of the United States Army Court of Military Review is reversed as to specification 2 of the Charge and specification 1 of Additional Charge II—each alleging possession of heroin. The findings of guilty as to these specifications are set aside, and the specifications are dismissed. In all other respects, the decision of the Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

I agree that possession of a quantity of drugs actually consumed is included within a charge of use of the same drugs, and that included charges cannot separately stand. *United States v. Baker*, 14 M.J. 361, 371 (C.M.A. 1983) (Cook, J., dissenting). For this reason, I concur in the dismissal of Specification 2 of the Charge and Specification 1 of Additional Charge II.