OPINION OF THE COURT
SUTER, Chief Judge:
Contrary to his pleas, the appellant was convicted by a military judge, sitting as a general court-martial, of conduct unbecoming an officer in violation of Article 133, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 933 (1982), and committing lewd and lascivious acts upon a female under the age of sixteen in violation of Article 134, UCMJ, 10 U.S.C. § 934 (1982). He was sentenced to dismissal from the service, confinement at hard labor for thirty months, and forfeiture of $1,000 pay per month for thirty months. The convening authority approved the sentence.
Before this Court, the appellant alleges three errors. First, he contends that the court-martial lacked jurisdiction because the offenses were not service connected. Second, he contends that the military judge abused his discretion by admitting evidence of appellant’s reading and recreational writing that were not connected to the charged offenses. Third, he alleges that the Article 134 offense is a lesser included offense of the Article 133 offense and should be dismissed. We disagree with the first two allegations and agree with the last.
The appellant was convicted of committing a variety of indecent acts upon twelve-year-old K.S. at various times between May 1982 and the middle of January 1983. The victim testified that on three occasions at the appellant’s residence located in Manhattan, Kansas, about seven miles from Fort Riley, he induced her to remove her clothes, took photographs of her in the nude, pressed his penis against her buttocks, asked her to perform fellatio, and directed her to hold his penis. The appellant testified that indecent acts took place on only one occasion when K.S. was babysitting at his home.
The following evidence concerning service connection was adduced at trial. K.S. lived on Fort Riley, Kansas. It was there she first met appellant. Her father, Sergeant First Class (SFC) S., was an active duty noncommissioned officer in charge of the Individual Effectiveness Course at Fort Riley’s Correctional Activity. The appellant, a captain, was SFC S.’s commander. Appellant asked SFC S. at work if K.S. could babysit at his home. SFC S. agreed, in part because appellant was his superior. K.S. testified that on three occasions the appellant transported her from her home on Fort Riley to his home off post, where *473 appellant committed the offenses. At trial, the appellant’s motion to dismiss for lack of subject matter jurisdiction was denied by the military judge.
Two matters are clear. First, the offenses did not occur on a military installation. Second, there is no subject matter jurisdiction in this case unless appellant’s offenses were service connected.
The law on service connection has been defined, and redefined, by the United States Supreme Court and the United States Court of Military Appeals. The present state of the law, its background, and the rationale for it, are set out in United States v. Lockwood, 15 M.J. 1 (C.M. A.1983). We find that there is sufficient evidence in this case, as outlined above, to establish that the offenses were service connected. See United States v. Mauck, 17 M.J. 1033 (A.C.M.R.1984); United States v. Wierzba, 11 M.J. 742 (A.F.C.M.R.), pet. denied, 12 M.J. 75 (C.M.A.1981).
This Court agrees with appellant that the charges are multiplicious for findings and sentence. United States v. Rodriquez, 18 M.J. 363 (C.M.A.1984). The military judge considered them so for sentencing and thus no prejudice befell appellant as a result of this error.
The remaining assignment of error is without merit.
The findings of guilty of Charge II and its Specification (Article 134, UCMJ) are set aside. The findings of guilty of Charge I and its Specification (Article 133, UCMJ) and the sentence are affirmed.
This Court finds as fact that the appellant is guilty of Charge II and its Specification. Accordingly, if any reviewing authority subsequently concludes that prejudicial error has tainted the findings of guilty of Charge I and its Specification and orders these findings set aside, the findings of guilty of Charge II and its Specification can be revived and affirmed without a rehearing. See United States v. Zupancic, 18 M.J. 387, 389 (C.M.A.1984).
Senior Judge RABY concurs.
Judge COHEN did not participate in the decision.