UNITED STATES, Appellee,

v.

Airman First Class Randy R. HOGAN,
U.S. Air Force, Appellant.

No. 49,367.

ACM 24083.

U.S. Court of Military Appeals.

July 15, 1985.

For Appellant: *Colonel Leo L. Sergi, Lieutenant Colonel Patrick C. Sweeney, Captain Raymond J. Hardy, Jr.* (USAFR) (on brief).

For Appellee: *Colonel Kenneth R. Rengert, Colonel Andrew J. Adams, Jr., Captain Teresa J. Stremel* (USAFR) (on brief).

*Opinion of the Court*

PER CURIAM:

After our initial review of appellant's general court-martial conviction of five specifications involving drug abuse, we remanded the record of trial to the Court of Military Review for further consideration in light of *United States v. Bullington,* 18 M.J. 164 (C.M.A.1984). 18 M.J. 424 (C.M.A. 1984).

Thereafter, the lower court correctly inferred from our order that our concern was the apparent multiplicity of two specifications alleging that appellant did, on the same date and at the same place, "wrongfully possess Lysergic Acid Diethylamide (LSD)" and "wrongfully use Lysergic Acid Diethylamide (LSD)." The language of these specifications raises the issue of multiplicity as to findings, and the following colloquy prior to sentencing proceedings confirms it, *cf. United States v. Baker,* 14 M.J. 361, 367 (C.M.A.1983) ("[W]here the *pleadings and evidence* adduced at trial show that one offense is a lesser included offense of another of which an accused has also been convicted, both convictions cannot stand." (Emphasis added.) ):

MJ: Prior to hearing argument on the case, Gentlemen, I want to review what I consider to be the maximum sentence in the case. All right. I view that the Specifications 4 and 5 to be multiplicious for sentencing purposes. Is there any quarrel with that?

DC: No, Your Honor.

MJ: Apparently we're talking about the same LSD; at least *that's what I found him guilty of anyway, was the use and possession of the same LSD.*

TC: The government would invite Your Honor's attention to the fact that there was reference to two specific LSD groups, if you will, on the 29th.

MJ: Well, since it was my intention to find him guilty, and that was the basis of my finding of the use and possession, I believe at the party, at the same time, I'm afraid that the court is stuck with its findings.

TC: In that case, Your Honor, the government would agree that that's multiplicious.

Notwithstanding this colloquy, the Court of Military Review determined that, because appellant possessed more LSD than he used, the two specifications were not multiplicious for findings. *See United States v. Morrison*, 18 M.J. 108 (C.M.A. 1984).* Before us, the Government defends the prerogative of the Court of Military Review to make this determination based on its factfinding power under Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c).

▮▮ The Government's argument, however, misses the point. When the military judge made clear on the record that his guilty finding of possession addressed the same LSD that appellant had used, he necessarily acquitted appellant of possessing any other LSD that might have come within the perimeter of the rather broadly worded possession specification. In effect, he particularized that specification to include only the amount used. With the case in this posture, regardless of the factfinding power of the intermediate appellate court and regardless of the quantity of trial evidence which might support other findings, the findings of the military judge are the law of the case. *See United States v. Morris*, 13 M.J. 297, 300 (C.M.A.1982) (Everett, C.J., concurring in the result). These findings compel our conclusion that the possession and use specifications are multiplicious for findings, *United States v. Bullington, supra*, although we further conclude that this multiplicity did not prejudice appellant as to sentence.

The decision of the United States Air Force Court of Military Review is reversed as to specification 4 of the Charge. The finding of guilty thereon is set aside and that specification is dismissed. In all other respects the decision below is affirmed.

Judge FLETCHER did not participate.

* The specifications at issue do not set out a specific amount of the substance.