**UNITED STATES, Appellee,**

v.

**Sergeant First Class Michael C. McNETT, 511–44–4180, United States Army, Appellant.**

**CM 447647.**

U.S. Army Court of Military Review.

March 13, 1986.

970

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Edwin D. Selby, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Darrell R. Taylor, JAGC (on brief).

Before RABY, CARMICHAEL, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

RABY, Senior Judge:

In one combined charge and specification, appellant was convicted of violating a lawful general regulation by borrowing money from a subordinate, larceny of $15,900.00, and of dishonorably failing to pay a debt, in violation of Articles 92, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 921, and 934 (1982), respectively. Appellant was sentenced to a dishonorable discharge, confinement for three years, total forfeitures of all pay and allowances, and reduction to Private E–1. The convening authority approved the sentence.

■ Appellant asserts that the evidence was insufficient to find him guilty of larceny in excess of the amount of $9,856.00. We find that the admissible evidence of record is sufficient to prove appellant's guilt beyond a reasonable doubt of larceny of about $8,751.00, U.S. currency, from the victim at the time and place alleged.[1]

■ Appellant also asserts that the military judge erred by failing to find that the alleged violations of Articles 92, 121, and 134, combined in the Charge and its Specification, were multiplicious for findings purposes. First, we note that the specification, as drafted, is duplicious; however, this deficiency was waived by appellant's failure to make a timely and specific objection at trial. *United States v. Dejonge*, 16 M.J. 974, 976 (A.C.M.R.1983), *pet. denied*, 18 M.J. 92 (C.M.A.1984); *United States v. Parker*, 13 C.M.R. 97 (C.M.A. 1953). Regarding the combined charges, corrective action will be taken because, as we have previously opined in an unpublished opinion, *charges* normally should not be consolidated at the trial level.[2] *Cf. United States v. Scott*, 21 M.J. 345, 347 (C.M.A.1986) ("The most complete way to solve the multiplicity problem ... would be *to consolidate* each pair of parallel *specifications* into a single specification alleging an *Article 133 violation* [that is, a single charged article of the Uniform Code of Military Justice]."); *United States v. Huggins*, 17 M.J. 345 (C.M.A.1984) (summary disposition) ("[T]he appropriate remedy ... is consolidation of the *specifications....*") (emphasis added).

■ In resolving the multiplicity issue, we will consider the circumstances surrounding the commission of the three offenses, as those circumstances are reflected in record of trial. *Cf. United States v. Bullington*, 18 M.J. 164 (C.M.A.

1. We find appellant obtained a total of $10,856.00 from the victim in the following amounts, $500.00, $4,000.00, $5,000.00, and $1,356.00; and, that appellant paid the victim the following amounts, $261.47, $382.00, $354.00, $392.00, $337.00, and $378.00 for a total amount of $2,104.47. We are not convinced that this arrangement was a genuine investment-loan enterprise; rather we believe the record reveals, in view of all the circumstances, that this was, from the beginning, a clever fraud.

2. *United States v. Goldring*, CM 447817 (ACMR 28 Feb. 1986) (unpub.).

1984) (the court considered the facts contained in the providence inquiry in order to resolve the multiplicity issue); *United States v. Zubko*, 18 M.J. 378 (C.M.A.1984) (the court considered facts contained in the record of trial in order to resolve the multiplicity issue). We are convinced that, in this case, appellant engaged in certain criminal acts in order to perpetrate a successful fraud so that he could steal money from his victim. Specifically, appellant obtained money from a military subordinate, the victim, under the pretext of investing it for the victim; when the victim earnestly demanded an accounting, appellant executed a promissory note both for the money wrongfully withheld and for a fictitious amount of profit allegedly generated from the investment scheme and reinvested by the victim; and, that in completion of the planned larceny, appellant dishonorably failed to pay the debt incurred when he had taken appellant's money under the pretext of making an investment. Thus, we find that these offenses were part of one prolonged, continuous criminal transaction entered into pursuant to a single criminal impulse (motive); we also find that the negotiated loan and the dishonorable failure to pay the incurred debt both were part of the means used to accomplish successfully the larceny of the victim's money. Accordingly, we find these offenses to be multiplicious for findings. *Cf. United States v. Allen*, 16 M.J. 395 (C.M.A.1983) (bad check offenses were the means alleged as the false pretense by which the property was stolen). Because of the time separations between the offenses in question, we could decline to treat them as multiplicious for findings, *see United States v. Abendschein*, 19 M.J. 619 (A.C.M. R.1984), *pet. denied*, 21 M.J. 84 (C.M.A. 1985); however, we believe that the most reasonable solution to this problem is to reconsolidate the Specification of the Charge in a manner to reflect more accurately and fairly the gravamen of appellant's criminal misconduct. *Cf. United States v. Harclerode*, 17 M.J. 981, 984 (A.C. M.R.1984) ("Consolidated findings would reflect precisely the degree of criminality to which appellant pleaded guilty below.").

We have considered the issue personally raised by appellant and find it to be without merit.

The Specification of the Charge is reconsolidated and the findings of guilty of the reconsolidated specification are affirmed as follows:

Specification: In that Sergeant First Class Michael C. McNett, US Army, Headquarters and Headquarters Battery, 4th Infantry Division (Mechanized), did, at Fort Carson, Colorado, an installation under military control, and at Colorado Springs, Colorado, a community adjacent to Fort Carson, Colorado, on or about 3 May 1984, steal about $8,751.00 in United States currency, the property of Sergeant Charles D. Callaway, by withholding said money after demand for the return of said money by the said Sergeant Charles D. Callaway, and, did, as part of the means used to accomplish this larceny, wrongfully borrow money from Sergeant Charles D. Callaway, his subordinate, in violation of a lawful general regulation, to-wit: Army Regulation 600–50, dated 15 August 1982, Chapter 2, paragraph 2–1e and 2–1i and Chapter 6, paragraph 6–2a(2) and did thereafter dishonorably fail to pay said debt. Negotiations for the transfer of money were between service-members of the same command in a superior-subordinate relationship and began at Fort Carson, Colorado, an installation under military control.[3]

Only so much of the findings of guilty of the combined Charge as pertains to a violation of Article 121, UCMJ, 10 U.S.C. § 921 (1982), are affirmed; however, for the rea-

---

**3.** Because we find as fact that appellant is guilty of the original consolidated Specification of the Charge, those averments contained in the original consolidated Specification of the Charge but deleted from the reconsolidated Specification and, thus, not affirmed, can be revived in the discretion of higher appellate authority in accordance with the conditions set out in *United States v. Williamson*, 19 M.J. 617 (A.C.M.R. 1984), *pet. denied*, 21 M.J. 24 (C.M.A.1985).

sons aforementioned, so much of the findings of guilty as pertain to violations of Articles 92 and 134, UCMJ, 10 U.S.C. §§ 892 and 934 (1982) are set aside and those two violations contained in the combined charge are dismissed.[4]

Reassessing the sentence on the basis of the error noted and the entire record, only so much of the sentence is affirmed as provides for dishonorable discharge, confinement for 33 months, total forfeiture of all pay and allowances, and reduction to Private E–1.

Judge CARMICHAEL and Judge ROBBLEE concur.

4. Thus, only the finding of guilty of a violation of Article 121, UCMJ, 10 U.S.C. § 921 (1982), currently remains viable in the Charge. This court, prior to dismissing the Articles 92 and 134 portions of the Charge, found as fact that appellant was guilty of violating those two Articles of the UCMJ. Accordingly, if any higher reviewing authority subsequently concludes that prejudicial error has tainted the finding of guilty of the affirmed portion of the Charge pertaining to a violation of Article 121, UCMJ, 10 U.S.C. § 921 (1982), and orders the finding of guilty set aside, the findings of guilty of either or both portions of the Charge pertaining either to a violation of Articles 92 or Article 134, UCMJ, can be revived and affirmed without rehearing. *United States v. Williamson,* 19 M.J. 617 (A.C.M.R.1984), *pet. denied,* 21 M.J. 24 (C.M.A.1985).