**UNITED STATES, Appellee,**

v.

**Staff Sergeant Franklin D. JAKS 244–90–0378, United States Army, Appellant.**

**ACMR 8802662.**

U.S. Army Court of Military Review.

30 June 1989.

For Appellant: Captain Thomas A. Sieg, JAGC, Captain Jeffrey J. Fleming, JAGC (on brief).

For Appellee: Lieutenant Colonel Gary F. Roberson, JAGC, Major Gary L. Hausken, JAGC, Captain Patrick D. O'Hare, JAGC (on brief).

Before KANE, GILLEY, and GUINTINI, Appellate Military Judges.

## OPINION OF THE COURT

GILLEY, Judge:

Pursuant to his pleas, the appellant was found guilty of two specifications of conspiracy to violate a lawful general regulation prohibiting blackmarketing in Korea, one specification of violating that regulation, and one specification of wrongfully soliciting nine more junior personnel to violate that regulation. The military judge sitting as a general court-martial sentenced the appellant to a bad-conduct discharge, confinement for thirteen months, forfeiture of $200.00 pay per month for thirteen months, and reduction to the grade of Private E1. Consistent with a pretrial agreement, the convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for six months, the partial forfeitures adjudged, and reduction to Private E1.

The appellant contends, personally and through counsel, that the solicitation specification was multiplicious with one of the conspiracy specifications. The Court of Military appeals has agreed with that contention when the solicitation is to enter a conspiracy to commit the offense. *See United States v. Kauble*, 22 M.J. 179 (C.M.A.1986) (summary disposition).

Here, the government points out the following distinctions between the conspiracy and solicitation specifications. The conspiracy was alleged to have been with nine soldiers to wrongfully transfer duty-free goods to persons not authorized, while the solicitation was to only seven of those soldiers. Second, an additional soldier was listed in the specification for the conspiracy. However, a more senior soldier, a chief warrant officer, was substituted for that named soldier. To recapitulate, seven of the nine soldiers listed in the conspiracy specification were listed in the solicitation specification.

We find that those distinctions are without substance. The soldier not named in the conspiracy specification was described as a co-conspirator in the stipulation of fact accompanying the providence inquiry re-

garding the appellant's pleas of guilty. Further, the substitution of confederates in the guilty plea for conspiracy also showed the close interrelatedness of these specifications. The Chief Warrant Officer was a co-conspirator with the appellant to commit these offenses.

 In essence, the solicitation specification unreasonably repeated the first part of a conspiratorial scheme to blackmarket duty-free goods. Thus, the conspiracy specification fairly embraced the solicitation specification. Accordingly, the solicitation specification is multiplicious with the specification alleging conspiracy. *See United States v. Baker,* 14 M.J. 361 (C.M.A.1983). The slight disparity in participants is inconsequential in this intertwined scheme.

Even though the military judge treated those specifications as multiplicious for sentencing, the appellant is "entitled to have his record of conviction reflect accurately the gravamen of the offense." *United States v. Bullington,* 18 M.J. 164, 165 (C.M.A.1984). We would consolidate the solicitation and conspiracy specifications were that needed to reflect the full gravamen of the appellant's conduct. However, in the absence of any allegation in the solicitation specification of abuse of office by soliciting subordinates in his unit to buy goods for the appellant to sell on the blackmarket, the conspiracy specification does sufficiently reflect the solicitation. Therefore, we will set aside the finding of guilty of the solicitation and reassess the sentence.

The appellant also contends through counsel and personally that the sentence is inappropriately severe. Though a Chief Warrant Officer facilitated the appellant's offenses, the appellant caused eight subordinates to join this criminal scheme. Moreover, he made $1,500.00 profit during six months of this blackmarketing. Consequently, a punitive discharge and the remainder of the approved sentence is appropriate, and would have been adjudged and approved despite that error.

The findings of guilty of Specification 1 of Charge III and Charge III are set aside and dismissed. The remaining findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the sentence is affirmed.

Senior Judge KANE and Judge GIUNTINI concur.