# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CLAYTON W. MOSES**
**United States Army, Appellant**

ARMY 20130831

Headquarters, 8th Theater Sustainment Command
David L. Conn, Military Judge
Colonel Paul T. Salussolia, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA (on brief).

17 April 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Judge

     A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of wrongful possession of Fentanyl, wrongful use of Fentanyl, wrongful possession of Testosterone Enanthate, and stealing Fentanyl in violation of Articles 112a and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 912a and 921 [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for three months.  The convening authority approved the adjudged sentence.[*]

     This case is before us for review pursuant to Article 66, UCMJ.  This case was submitted on its merits and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).  We find the matters raised

----

[*] The convening authority waived automatic forfeitures required by Article 58b, UCMJ, for the benefit of appellant's wife.

personally by appellant are without merit. However, we find one additional matter warrants discussion and relief.

## BACKGROUND

Appellant was working as a licensed practical nurse in the intensive care unit (ICU) at Tripler Army Medical Center (TAMC).

After suffering a significant knee injury during his third deployment, appellant became addicted to narcotic pain medication during his rehabilitation. To support his addiction, while working at TAMC, appellant stole Fentanyl from TAMC's supplies on numerous occasions between 14 June 2012 and 1 March 2013. Appellant did so through various means including removing it from ICU patients' intravenous (IV) bags while they slept, ordering it for patients not actually prescribed Fentanyl and then taking it, taking it from patients prescribed Fentanyl who were discharged before receiving it, and pretending to dispose of unused quantities, but instead carrying it away for his own personal use.

Appellant self-injected the stolen Fentanyl on multiple occasions throughout the charged time frame at various locations including his car, home, and at the hospital.

At the culmination of his addiction, appellant tried unsuccessfully to take his own life. The following day, appellant was retrieved from his home by his noncommissioned officer in charge based on his absence from work. Appellant was taken to his commander, and when she inquired about his absence, appellant began to admit his addiction. His commander stopped appellant and sent him to the Schofield Barracks Criminal Investigative Command office to be interviewed. Ultimately, appellant confessed to criminal investigators that he had been stealing Fentanyl from TAMC and injecting it.

Appellant was subsequently charged with and pleaded guilty to the separate offenses of stealing, using, and possessing Fentanyl, each on divers occasions. The larceny, use, and possession of the Fentanyl, as charged, occurred over the identical time period and at the same location (Oahu, Hawaii).

While discussing appellant's maximum punishment exposure, the defense counsel requested and the trial counsel agreed that for sentencing purposes, the military judge should merge the use and the possession specifications.

**DISCUSSION**

*Multipicity*

Whether two offenses are the same for double jeopardy purposes is a question of law we review *de novo*. *United States v. Roderick*, 62 M.J. 425, 431 (C.A.A.F. 2006).

Multiplicity is a doctrine, rooted in the Constitution's Fifth Amendment Double Jeopardy Clause, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend V; *see United States v. Teters*, 37 M.J. 370, 373 (C.M.A. 1993). "[The Double Jeopardy Clause] protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989) (footnotes omitted).

The Supreme Court has recognized that when Congress creates two distinct offenses, there is a presumption "that it intends to permit cumulative sentences, and legislative silence on this specific issue does not establish an ambiguity or rebut this presumption." *Garrett v. United States*, 471 U.S. 773, 793 (1985). "Thus, unless Congress has expressly stated otherwise, a multiplicity violation is determined by applying the elements test." *United States v. Campbell*, 71 M.J. 19, 26 (C.A.A.F. 2012) (citing *United States v. Morrison,* 41 M.J. 482, 483 (C.A.A.F. 1995)); *see also Blockburger v. United States*, 284 U.S. 299 (1932).

In accordance with *United States v. Bullington*, 18 M.J. 164 (C.M.A. 1984), this court has held that specifications alleging use and possession of the same controlled substance are multiplicious when the amount of controlled substance used is the same amount that is possessed and the offenses occur at the same time and location. *United States v. Jackson*, ARMY 20010355, 2005 WL 6520250 (Army Ct. Crim. App. 24 Aug. 2005) (mem. op.). Moreover, possession of a controlled substance that is incident to use is a lesser-included offense of that use. *Id*. at *2; *see also Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 37.d.(2)(a); *United States v. Holt,* 16 M.J. 393, 394 (C.M.A. 1983) (viewing failure of trial or service appellate courts to dismiss lesser-included offenses as plain error, despite absence of motion at trial). "Where the lesser-included offense has been charged along with the greater offense, 'the military judge should not [enter] findings of guilty as to both offenses.'" *Jackson*, 2005 WL 6520250, at *2 (quoting *United States v. Thomas,* 43 M.J. 903, 904 (Army Ct. Crim. App. 1996)); *see also United States v. Monday,* 52 M.J. 625, 628 n.7 (Army Ct. Crim. App. 1999).

3

According to the stipulation of fact and the facts described by appellant during the providence inquiry, it is clear that the Fentanyl appellant possessed was precisely the same Fentanyl that he both stole from TAMC and used. The military judge failed to elicit facts from appellant that established the possession offense concerned a residual amount of Fentanyl separate and apart from the used Fentanyl. *See Jackson*, 2005 WL 6520250, at *1-2. We are therefore uncertain that appellant understood and agreed that in order to be convicted of both use and possession of Fentanyl, his possession of the drug could not be inherent in his use of it. *See* Rule for Courts–Martial 910(e); *United States v. Davenport*, 9 M.J. 364, 367 (C.M.A. 1980).

Under these circumstances, Specification 2 of Charge III (possession of Fentanyl) is a lesser-included offense of Specification 1 of Charge III (use of Fentanyl) and is multiplicious. *See Bullington*, 18 M.J. at 165. As such, we will set aside and dismiss the possession of Fentanyl specification in our decretal paragraph.

## CONCLUSION

On consideration of the entire record and the noted error, the finding of guilty of Specification 2 of Charge III is therefore set aside and that Specification is dismissed. We AFFIRM the remaining findings of guilty.

We are able to reassess the sentence on the basis of the error noted, and do so after conducting a thorough analysis of the totality of the circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

In evaluating the *Winckelmann* factors, we find no dramatic change in the penalty landscape or exposure which might cause us pause in reassessing appellant's sentence. Our dismissal of Specification 2 of Charge III does not affect appellant's punishment exposure because the military judge merged Specifications 1 and 2 of Charge III for sentencing. Second, appellant was tried and sentenced by a military judge. Third, we find the nature of the remaining offenses still captures the gravamen of the original offenses and the aggravating circumstances surrounding appellant's conduct remains admissible and relevant to the remaining offenses. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence based on the noted error, we AFFIRM the approved sentence. We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

4

Senior Judge COOK and Judge HAIGHT concur.

FOR THE COURT:

ANTHONY O. POTTINGER
Acting Clerk of Court