# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
LIND, KRAUSS, and BORGERDING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant DEREK R. TOPE**
**United States Army, Appellant**

ARMY 20130103

Headquarters, 25th Infantry Division
David Conn, Military Judge (arraignment)
Stefan Wolfe, Military Judge (trial)
Colonel Mark A. Bridges, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Lieutenant Colonel Peter Kageleiry, Jr., JA; Major Amy E. Nieman, JA; Captain James S. Trieschmann, Jr., JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Carl L. Moore, JA (on brief).

16 June 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

BORGERDING, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of false official statement; one specification of wrongful disposition of military property; one specification of wrongful introduction of heroin into an installation; one specification of wrongful possession of heroin; one specification of wrongful use of heroin; and one specification of larceny of military property in violation of Articles 107, 108, 112a, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 907, 908, 912a, 921 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to confinement for thirty-three months. Pursuant to a pretrial agreement, the convening authority approved only so much of the adjudged sentence as provided for confinement for twenty-four months.

TOPE — ARMY 20130103

This case is before the court for review under Article 66, UCMJ. Appellant assigns two errors, both relating to his convictions for wrongful use, possession, and introduction of heroin. He also raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we find are without merit.

Appellant first asserts that his convictions for introduction, possession, and use of a controlled substance are an unreasonable multiplication of charges for findings. *See United States v. Quiroz*, 55 M.J. 334 (C.A.A.F. 2001).[1] The government disagrees that the specifications constitute an unreasonable multiplication of charges, but concedes the specification alleging wrongful possession of heroin (Specification 2 of Charge II) is a lesser-included offense of, and therefore impermissibly multiplicious with, the specification alleging wrongful introduction of heroin (Specification 1 of Charge II). The government asks us to set aside and dismiss Specification 2 of Charge II.

"[A]ppellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'" *United States v. St. John*, 72 M.J. 685, 687 (Army Ct. Crim. App. 2013) (quoting *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997));[2] *see also United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F. 2000). "Facially duplicative means the factual components of the charged offenses are the same." *St. John*, 72 M.J. at 687 (citing *Lloyd*, 46 M.J. at 23). "Whether specifications are facially duplicative is determined by reviewing the language of the specifications and 'facts apparent on the face of the record.'" *Heryford*, 52 M.J. at 266 (quoting *Lloyd*, 46 M.J. at 24).

In all three specifications alleged as violations of Article 112(a), UCMJ, appellant is charged with the use, possession, or introduction of heroin "on divers occasions between on or about 12 April 2012 and 30 May 2012." The specifications alleging possession and introduction both charge appellant with possessing or introducing "some amount" of heroin. We find the record reflects the amount of heroin appellant used and introduced is precisely the same amount he possessed. The stipulation of fact states appellant "would purchase heroin off the installation, Schofield Barracks, Hawaii . . . and then bring the drugs backs on post to wrongfully use. Specifically, he would transport the drugs onto the installation in his personally

_____

[1] The military judge considered the three specifications "as one offense for sentencing purposes."

[2] "We interpret this to mean that an unconditional guilty plea, without an affirmative waiver, results in a forfeiture of multiplicity issues absent plain error. An appellant may show plain error and overcome forfeiture by proving the specifications are facially duplicative." *St. John*, 72 M.J. at 687 n.1 (citing *United States v. Harcrow*, 66 M.J. 154, 156 n.1 (C.A.A.F. 2008)).

2

owned vehicle and use them in Mr. [D's] barracks room." Neither the stipulation of fact nor appellant's admissions during the providence inquiry establish any facts that appellant possessed a different amount of heroin than what he used or introduced into Schofield Barracks. Accordingly, under the facts of this case, we agree with the government and further find that Specification 2 of Charge II (wrongful possession) is "facially duplicative" with both Specification 1 of Charge II (wrongful introduction) and with the Specification of the Additional Charge (wrongful use). *See United States v. Bullington*, 18 M.J. 164 (C.M.A. 1984) (per curiam) (holding use and possession of a controlled substance was multiplicious where appellant used the same amount at the same place and on the same date); *United States v. Hendrickson*, 16 M.J. 62 (C.M.A. 1983) (per curiam) (holding possession and introduction of a controlled substance was multiplicious where appellant possessed and introduced the same amount at the same place and on the same date); *United States v. Thomas*, 65 M.J. 132, 135 (C.A.A.F. 2007) ("[W]rongful possession of drugs is itself a lesser included offense of wrongful introduction under Article 112a, UCMJ.")). We will grant relief in our decretal paragraph.

In his second assignment of error, appellant asserts, *inter alia*,[3] that the military judge failed to define "divers occasions" when reading the elements for wrongful introduction of heroin and then failed to discuss with appellant the factual basis for the "on divers occasions" language with respect to this specification. Appellant is correct on both counts.

We review a military judge's decision to accept a guilty plea for an abuse of discretion. *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008). A guilty plea will only be set aside if we find a substantial basis in law or fact to question the plea. *Id.* (citing *United States v. Prater*, 32 M.J. 433, 436 (C.M.A. 1991)). The court applies this "substantial basis" test by determining whether the record raises a substantial question about the factual basis of appellant's guilty plea or the law underpinning the plea. *Id.*; *see also* UCMJ art. 45(a); Rule for Courts-Martial [hereinafter R.C.M.] 910(e). "For this [c]ourt to find a plea of guilty to be knowing and voluntary, the record of trial must reflect that the elements of each offense charged have been explained to the accused by the military judge." *United States v. Schell*, 72 M.J. 339, 345 (C.A.A.F. 2013) (quoting *United States v. Redlinski*, 58 M.J. 117, 119 (C.A.A.F. 2003) (internal quotations omitted); *see also United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969); UCMJ art. 45(a); R.C.M. 910(c)(1). "'Rather than focusing on a technical listing of the

---

[3] Appellant's claim that the military judge did not discuss with appellant whether or not he knew the substance he possessed was, in fact, heroin is rendered moot by our ruling on his first assignment of error. We nonetheless note that appellant admitted that he knew the substance he used and introduced into post was heroin because he "recognized it to be heroin" and because he felt the effects of the drug after using it, indicating to him that it was heroin.

elements of an offense, this [c]ourt looks at the context of the entire record to determine whether an accused is aware of the elements, either explicitly or inferentially.'" *Schell*, 72 M.J. at 345 (quoting *Redlinski*, 58 M.J. at 119). "If the military judge fails to explain the elements to an accused, it is reversible error unless 'it is clear from the entire record that the accused knew the elements, admitted them freely, and pleaded guilty because he was guilty.'" *Schell*, 72 M.J. at 345 (quoting *United States v. Jones*, 34 M.J. 270, 272 (C.M.A. 1992)).

In this case, the military judge read the definition of "divers occasions" with respect to the specification alleging wrongful possession of heroin. The language in the stipulation of fact supports multiple instances of use, possession, and introduction. Moreover, during the colloquy as to the wrongful possession specification, appellant stated, "I had a controlled substance at least twice, sir." Appellant confirmed that these were "two different instances separated in time." Appellant also admitted that he "used heroin twice." In accordance with our finding that the amount of heroin appellant possessed is the exact same amount of heroin that appellant introduced on to Schofield Barracks and then used, we find that appellant understood the meaning and effect of pleading guilty to using heroin and introducing it onto Schofield Barracks on "divers occasions" and find no substantial basis in fact or law to question his plea to Specification 1 of Charge II (wrongful introduction on divers occasions).

Therefore, after considering the entire record and the parties' briefs, we set aside and dismiss the finding of guilty of Specification 2 of Charge II (wrongful possession). The remaining findings of guilty are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986) and the factors set forth in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), the sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Senior Judge LIND and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4