# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, K.M. MCDONALD, D.C. KING**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ULYSSES LOPEZ**
**PRIVATE (E-1), U.S. MARINE CORPS**

**NMCCA 201400192**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 22 January 2014.
**Military Judge:** Col M.B. Richardson, USMC.
**Convening Authority:** Commanding General, 3d Marine Aircraft Wing, MCAS Miramar, San Diego, CA.
**Staff Judge Advocate's Recommendation:** LtCol K.C. Harris, USMC.
**For Appellant:** Maj Jeffrey Stephens, USMCR.
**For Appellee:** Maj Tracey Holtshirley, USMC; LT Ann Dingle, JAGC, USN.

**12 February 2015**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of two specifications of attempting to introduce two types of prohibited designer drug analogs onto a military installation, and three specifications of violating a lawful general order by possessing two types of designer drug analogues and drug

paraphernalia, in violation of Articles 80 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 892.  The military judge sentenced the appellant to confinement for 30 months, forfeiture of all pay and allowances, and a bad-conduct discharge.  The convening authority (CA) approved the sentence as adjudged and, pursuant to a pretrial agreement (PTA), suspended all confinement in excess of twelve months.

The appellant raises two assignments of error: (1) that the military judge committed plain error when he "failed to dismiss Specifications 1 and 2 of Charge I as multiplicious with Specifications 1 and 2 of Charge II or [as] an unreasonable multiplication of charges;"[1] and (2)that the appellant's sentence was inappropriately severe.

After carefully considering the record of trial and the parties' pleadings, we conclude that the findings and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

## Background

On 21 February 2013, the appellant, then a private first class, was convicted at a special court-martial for, *inter alia,* wrongfully using, possessing, and introducing analog drugs.  The appellant was awarded eleven months' confinement, reduction to pay grade E-1, and a bad-conduct discharge.  Pursuant to a PTA all confinement in excess of six months was disapproved.  The appellant was credited with 146 days for pretrial confinement in that case.

Approximately three months after his first court-martial conviction, a civilian friend ("Holly") asked the appellant to go on-line and purchase a quantity of 1-(5-benzofuranyl)-2-propanime (Drug Analog 1), a drug analog to Methylenedioxyamphatamine ("MDA"), which he would sell to her so that she could later sell Drug Analog 1 to attendees at an upcoming electric music festival.

The appellant placed the drug order which was shipped to an off-base residence of another friend.  When the appellant retrieved the package from his friend and opened it, he saw that in addition to Drug Analog 1, the shipment also contained a

---

[1] Appellant's Brief of 6 Aug 2014 at 4.

2

small quantity of 5-(2-aminopropyl)2, 3-dihydrobenzofuran, an MDA drug analog (Drug Analog 2), which the appellant decided to keep for his own personal use.  Both of these drug analogs are illegal for Marines and Sailors to possess, use, distribute, or introduce on board a military installation.[2]

Approximately a week later, the appellant was in a vehicle driven by his friend Holly when he attempted to bring the entire shipment of Drug Analog 1 and Drug Analog 2 aboard Marine Corps Air Station, Miramar, California (Air Station). The vehicle was stopped and searched at the gate, where both drug analogs were discovered in the vehicle - Drug Analog 1 was found in the trunk of Holly's car and Drug Analog 2 was found in the appellant's pocket.  The appellant also attempted to bring drug paraphernalia[3] aboard the Air Station and during the providence inquiry acknowledged that the items seized were intended to be used so that Holly could "repackage [her] drugs and sell them as drugs."  Record at 53.  Although the appellant claimed that he had not planned on taking the drug analogs with him to the Air Station that day, he was running late and decided to try to get on base knowing the drug analogs and drug paraphernalia were in his possession.

**Multiplicity/Unreasonable Multiplication of Charges**

At trial the appellant pleaded guilty to the charges he now attacks.  The appellant did not raise the issue of multiplicity or unreasonable multiplication of charges at trial. Absent plain error, an unconditional guilty plea waives a multiplicity claim.  *United States v. Heryford*, 52 M.J. 265, 266 (C.A.A.F. 2000).  Claims of multiplicity are also waived by a failure to make a timely motion to dismiss, unless the claim is found to be plain error.  *Id.*  To find plain error we are required to determine that the pertinent offenses are facially duplicative . *United States v. Lloyd,* 46 M.J. 19, 23 (C.A.A.F. 1997).  This is a question of law that this court reviews *de novo. United States v. Pauling*, 60 M.J. 91, 94 (C.A.A.F. 2004).

The appellant argues that the offenses are facially duplicative because he was convicted of simultaneously attempting to introduce the same quantity of each drug analog that he was charged with possessing.  We disagree.

---

[2] SECNAVINST 5300.23E (23 May 2011).

[3] The drug paraphernalia included a digital scale, measuring spoons, tweezers and empty pill capsules.

Whether offenses are facially duplicative requires that we examine the language of the specifications and "facts apparent on the face of the record." *Lloyd,* 46 M.J. at 24; *see also United States v. Harwood,* 46 M.J. 26, 28 (C.A.A.F. 1997). In *United States v. Hendrickson*, 16 M.J. 62, 63 (C.M.A. 1983), the Court of Military Appeals held that the possession and introduction of the same quantity of LSD[4] in violation of Article 92, UCMJ, was multiplicious for findings where the evidence adduced at trial established that the appellant possessed and wrongfully introduced the same amount of LSD on the same day onto the same ship. Likewise, in *United States v. Gatlin*, 60 M.J. 804, 807 (N.M.Ct.Crim.App. 2004), this court determined that the facts of the case supported a finding that the appellant's convictions for possession and introduction of LSD were multiplicious for findings. However, offenses are not necessarily facially duplicative where the language in the specification and the facts apparent on the face of the record are "sufficiently broad to permit a finding of possession independent from wrongful introduction . . . ." *Heryford*, 52 M.J. at 267.

Here, we find that although the pertinent offenses are all alleged to have occurred "on or about 30 May 2013," the stipulation of fact and the appellant's guilty plea colloquy clearly establish that the appellant came to possess the two prohibited analog drugs approximately a week prior to his attempt to introduce them on board the Air Station. Further, the record makes clear that in this case the appellant's prior off-base possession of the two analog drugs, followed by his subsequent attempt to bring those same drugs on board the Air Station are aimed at independent and distinct conduct and thus not facially duplicative.

Since we find that the appellant's convictions for possession and attempted introduction are not facially duplicative based on the facts of this case, we find no plain error and conclude that the multiplicity issue was waived.

Additionally, we have considered the appellant's unreasonable multiplication of charges claim and find no error.[5]

---

[4] Lysergic Acid Diethylamide.

[5] *United States v.* Quiroz, 55 M.J. 334 (C.A.A.F. 2001); *United States v. Clifton*, 35 M.J. 79, 81 (C.M.A. 1992).

## Sentence Appropriateness

It is well-settled that "a court-martial is free to impose any sentence it considers fair and just." *United States v. Turner,* 34 C.M.R. 215, 217 (C.M.A. 1964). We review the appropriateness of the sentence *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We engage in a review that gives "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

We note that the appellant was convicted of unlawfully possessing two kinds of illegal drug analogs and a variety of drug paraphernalia, as well as attempting to bring these unlawful substances on board a Marine Corps installation. The appellant also admitted that he planned to sell Drug Analog 1 to his friend and keep Drug Analog 2 for his own use. The appellant expressed his regret and remorse at sentencing.

Based upon these circumstances, coupled with the appellant's previous special court-martial conviction involving illegal drugs, we conclude that the approved sentence is appropriate for the appellant and his offenses. To grant relief at this point would be engaging in clemency, a prerogative reserved for the convening authority, and we decline to do so. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988). We are convinced that justice was done and that the appellant received the punishment he deserved.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court