# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, GALLAGHER, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**

**v.**

**Sergeant DAVID W. ST. JOHN**
**United States Army, Appellant**

ARMY 20110779

Headquarters, Fort Bliss
David H. Robertson, Military Judge
Colonel Francis P. King, Staff Judge Advocate

For Appellant:  Colonel Patricia A. Ham, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Jacob D. Bashore, JA; Captain Stephen J. Rueter, JA (on brief).

For Appellee:  Major Robert A. Rodrigues, JA; Major Catherine L. Brantley, JA; Captain Bradley M. Endicott, JA (on brief).

24 June 2013

-----------------------------------
OPINION OF THE COURT
-----------------------------------

HAIGHT, Judge:

A military judge sitting as a special court-martial convicted appellant, pursuant to his pleas, of making a false official statement, indecent liberties with a child, and indecent exposure, in violation of Articles 107, 120(j), and 120(n), Uniform Code of Military Justice, 10 U.S.C. §§ 907, 920(j), 920(n) (2006 & Supp. V 2011), *amended by* 10 U.S.C. § 920 (2012) [hereinafter UCMJ], respectively.  The convening authority approved the adjudged sentence to a bad-conduct discharge and five months of confinement and credited appellant with three days of confinement.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant argues that his convictions for indecent liberties with a child and indecent exposure are both multiplicious and an unreasonable multiplication of charges.  The government concedes that these specifications are facially duplicative and one must be set aside.  For the reasons set forth below, we agree with both parties that the indecent exposure conviction must be set aside.

**BACKGROUND**

Specification 1 of Charge II charged appellant with taking indecent liberties with a child:

> In that [appellant], U.S. Army, did, at or near Fort Bliss, Texas, between on or about 1 May 2011 and 1 June 2011, take indecent liberties in the physical presence of Ms. [KB], a female under 16 years of age, by exposing one's private parts, to wit: holding his exposed penis in his hand and getting Ms. [KB's] attention resulting in her seeing [appellant's] exposed penis, while [appellant] had the intent to arouse, appeal to, and gratify the sexual desire of himself or Ms. [KB].

Similarly, Specification 2 of Charge II charged appellant with indecently exposing himself to the same Ms. KB:

> In that [appellant], U.S. Army, did, at or near Fort Bliss, Texas, between on or about 1 May 2011 and 1 June 2011, intentionally expose in an indecent manner his penis while in the doorway to a residence in a manner so a female in front of the residence could see his exposed penis.

At trial, appellant pleaded guilty to both specifications pursuant to a pretrial agreement. In relation to both the indecent liberties and indecent exposure specifications, appellant admitted the following:

> On the 27th of May I awoke and went to my front door and opened it where I noticed Ms. [KB] outside. I knocked on the glass door to get her attention. Once I had her attention I showed her my exposed penis. The act was committed in a place where it could be visibly seen by anyone who walked by. I was in the doorway and there was a sidewalk. The act was intended to gratify my own sexual desires. It was indecent and obscene. It was offensive to the neighborhood's . . . -- socially unacceptable to the community standards of decency and morality. The acts were totally unbecoming of a noncommissioned officer. At the time I could tell the victim was not fully mature and developed as an adult should be. She was wearing a school uniform and did not have the appearance of a fully developed adult female.

Following this account, the military judge questioned appellant. It was patently clear that appellant exposed himself on a single occasion to a single person, that person being Ms. KB, a child. Indicative that the indecent liberties and indecent exposure related to the same conduct, after discussing the former offense, the military judge explained:

> MJ: Does counsel for either side believe any further inquiry is required?
>
> DC: Yes, Your Honor. There is still the indecent exposure offense.
>
> MJ: Well I covered that in I think what I – well, I think I hit all of the elements. A lot of what he told me on the exposure, indecent exposure to the child, I took those same facts and applied them to the indecent exposure.

There was no further discussion or separate inquiry regarding the indecent exposure specification.

## LAW AND DISCUSSION

"[A]ppellate consideration of multiplicity claims is effectively waived by unconditional guilty pleas, except where the record shows that the challenged offenses are 'facially duplicative.'"[1] *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997). *See also United States v. Craig*, 68 M.J. 399, 400 (C.A.A.F. 2010); *United States v. Campbell*, 68 M.J. 217, 219 (C.A.A.F. 2009). Facially duplicative means the factual components of the charged offenses are the same. *Lloyd*, 46 M.J. at 23 (citing *United States v. Broce and Broce Construction Co., Inc*, 488 U.S. 563 (1989)).

In beginning our analysis, we recognize the pleadings show facially duplicative charging, in potential violation of the Fifth Amendment. Accordingly, although the pretrial agreement only addressed merging the specifications for sentencing, the issue of multiplicity is not forfeited when the pleadings reflect

---

[1] We interpret this to mean that an unconditional guilty plea, without an affirmative waiver, results in a forfeiture of multiplicity issues absent plain error. An appellant may show plain error and overcome forfeiture by proving the specifications are facially duplicative. *See United States v. Harcrow*, 66 M.J. 154, 156 n.1 (C.A.A.F. 2008) (noting military courts consistently failed to distinguish between the terms "waiver" and "forfeiture").

facially duplicative specifications. Thus, this issue is appropriate for our consideration on appeal. As charged in this case and as conceded by the government, the two offenses address the same criminal conduct, cover the same time period at the same location, and involve the same victim.

The Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense. *See Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993). Charges reflecting both an offense and a lesser- included offense are impermissibly multiplicious. *See Brown v. Ohio*, 432 U.S. 161, 165–66 (1977). "Whether an offense is a lesser-included offense is a question of law we review de novo." *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F.2011).

This court applies the elements test to determine whether one offense is a lesser-included offense of another. *United States v. Jones*, 68 M.J. 465, 468 (C.A.A.F. 2010). Under the elements test, one compares the elements of each offense:

> If all of the elements of offense X are also elements of offense Y, then X is an LIO of offense Y. Offense Y is called the greater offense because it contains all of the elements of offense X along with one or more additional elements.

*Id.* at 470. The elements test does not require that the "offenses at issue employ identical statutory language." *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010). "Rather, after applying normal rules of statutory interpretation and construction, this court will determine whether the elements of the lesser-included offense would necessarily be proven by proving the elements of the greater offense." *United States v. Wilkins*, 71 M.J. 410, 412 (C.A.A.F. 2012) (citing *Alston*, 69 M.J. at 216). Further, while "federal crimes are solely creatures of statute," we are compelled to look at the specification to determine if an offense is necessarily included in another, in accordance with the factual context delineated on the charge sheet, because "what is general is made specific through the language of a given specification." *Jones*, 68 M.J. at 471; *see also Wilkins*, 71 M.J. at 414. "The charge sheet itself gives content to that general language, thus providing the required notice of what an accused must defend against." *Jones*, 68 M.J. at 472. We recognize the preceding language addressed general article 134, but its logic is equally applicable to any element which can be satisfied in multiple fashions, regardless of the punitive article to which the element pertains. *See United States v. Morgan*, __ M.J. ___ (C.A.A.F. 2013) (summary disposition analyzing lesser-included offenses of Article 120 specifications but citing to an article 133 case, *United States v. Palager*, 56 M.J. 294 (C.A.A.F. 2002)).

However, before conducting the elements test, we must first consider whether Congress has expressed its intent regarding convictions for both indecent liberties with a child and indecent exposure when the offenses arise from the same criminal act. *See Teters,* 37 M.J. at 377 (holding the first question for purposes of a double jeopardy analysis is whether Congress expressed its intent concerning multiple convictions at a single trial for different statutory violations arising from the same act or transaction). The very statutory language of Article 120, UCMJ, evinces a congressional intent that a singular indecent exposure to one person should result in but one conviction. If the victim was an adult at the time of the exposure, then the crime committed was indecent exposure. *See* UCMJ art. 120(n). On the other hand, if the victim was a child, then the crime committed was indecent liberties with a child. *See* UCMJ, art. 120(j).

The statute is explicit: "[t]he term 'indecent liberties' means indecent conduct but physical contact is not required. It *includes* one who with the requisite intent exposes one's genitalia, anus, buttocks, or female areola or nipple to a child." UCMJ art 120(t)(11) (emphasis added). Where the indecent liberty charged is the indecent exposure of the accused's genitalia, we would be hard-pressed to find that an indecent exposure charge is not necessarily included within a charge of taking indecent liberties with a child. "[I]ncluded" is precisely how the statute describes the relationship between those two offenses under these circumstances. *See Teters,* 37 M.J. at 377 n.6 (citing *Missouri v. Hunter,* 459 U.S. 359, 368–69 (1983) (noting that if Congress has expressly indicated an intent contrary to the *Blockburger* rule, congressional intent controls)). Furthermore, regardless of whether the appropriate unit of prosecution for a crime of exposure is the number of exposures or the number of victims, under these facts, it is but one. Yet, the accused stands convicted twice for a singular criminal exposure to one person. *Compare United States v. Neblock,* 45 M.J. 191 (C.A.A.F. 1996) (holding the proper unit of prosecution for indecent liberties is the number of discrete acts), *with United States v. Lacy,* 53 M.J. 509 (N.M. Ct. Crim. App. 2000) (finding the proper unit of prosecution for indecent liberties is the number of victims).

Even assuming congressional intent was not expressly evident from the statute, by conducting the elements test we find that Congress did not intend for multiple convictions for this singular act because, as charged here, indecent exposure is a lesser-included offense of indecent liberties with a child. *See Teters,* 37 M.J. at 370 (finding that absent an overt expression of legislative intent, the intent of Congress can also be determined based on the elements of the violated statutes). As it is charged, indecent liberties with a child "piggybacks" the definition of indecent exposure because indecent liberties with a child "includes one who with the requisite intent exposes one's genitalia . . . to a child." UCMJ art. 120(t)(11); *Wilkins,* 71 M.J. at 412. As charged, all of the elements of the two offenses necessarily line up, except the indecent liberties offense requires the additional element that the exposure be to a person who had not attained the age of

5

sixteen years.[2] In other words, under the circumstances of this case, the indecent exposure required no proof beyond that necessary to prove the indecent liberties specification. Also, in order to commit the charged indecent liberties offense, appellant necessarily committed the separately charged indecent exposure. *Wilkins*, 71 M.J. at 412 (citing *Alston*, 69 M.J. at 216). As such, indecent exposure stood as a lesser- included offense to the charged indecent liberties. Thus, it was prejudicial error to convict appellant of both the greater and lesser-included offense. Therefore, the indecent exposure conviction must be set aside. *See Ball v. United States*, 470 U.S. 856, 864 (1985) (finding the only remedy consistent with congressional intent is to vacate one of the underlying convictions).

**CONCLUSION**

The finding of guilty of Specification 2 of Charge II is set aside and that specification is dismissed. The remaining findings are AFFIRMED. Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, the approved sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored. *See* UCMJ art. 75(a).

Senior Judge COOK and Judge GALLAGHER concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[2] The definition of "indecent" utilized in Article 120, UCMJ, consolidated the definitions of "indecent" used in the former indecency offenses under Article 134, UCMJ. *See* UCMJ art. 120 analysis in the *Manual for Courts-Martial* (MCM), *United States*, (2008 ed.), A23-15 ("the application of the single definition of 'indecent' to the offenses of 'indecent liberties with a child,' indecent act,' and 'indecent exposure' is consistent with the construction given to the former Article 134, UCMJ, offenses in the 2005 Manual that were consolidated into Article 120, UCMJ").