# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E1 JUSTIN A.J. FREY**
**United States Army, Appellant**

ARMY 20120227

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant: Lieutenant Colonel Peter Kageleiry, Jr., JA; Captain Matthew R. Laird, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Robert A. Rodrigues, JA; Captain Benjamin W. Hogan, JA (on brief).

21 February 2014

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Senior Judge COOK:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of desertion, one specification of involuntary manslaughter of a child under age 16, and three specifications of battery of a child under age 16, in violation of Articles 85, 119 and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 919 and 928 (2006) [hereinafter UCMJ].[1] The

---

[1] Appellant was found not guilty of three specifications of aggravated assault in which grievous bodily harm is intentionally inflicted upon a child under the age of 16 years, but guilty of the lesser included offense of assault consummated by battery of a child under the age of 16 years for each of these offenses. The military judge acquitted appellant of murder and four additional specifications of battery of a child under 16 years of age.

convening authority approved the adjudged sentence of a dishonorable discharge and eight years of confinement.[2]

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). None of these issues merit discussion or relief, however, one additional matter does merit discussion and relief.

## BACKGROUND

Appellant currently stands convicted of violating Article 119, UCMJ, involuntary manslaughter of a child under 16 years of age as follows:

> [Appellant], U.S. Army, did, at or near Fort Riley, Kansas, on or about 25 April 2011, while perpetrating an offense directly affecting the person of Master [LF], to wit: a battery, unlawfully kill Master [LF], a child under 16 years of age, by causing him to undergo rotational acceleration and deceleration head trauma.

Pursuant to one of his convictions under Article 128, UCMJ, appellant was also found guilty of committing a battery upon Master [LF] on 25 April 2011 "by causing pressure to his torso, neck and head" and thereby "producing rotational acceleration and deceleration head trauma." Based on the evidence adduced at trial and the record before us, it is clear that this battery is the same battery that supports appellant's conviction for involuntary manslaughter. The overlap is not partial, but complete.

## LAW AND DISCUSSION

"The Fifth Amendment protection against double jeopardy provides that an accused cannot be convicted of both an offense and a lesser-included offense." *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). *See also* Article 44(a), UCMJ; *Blockburger v. United States*, 284 U.S. 299 (1932); *United States v. Teters*, 37 M.J. 370 (C.M.A. 1993); *United States v. St. John*, 72 M.J. 685, 687 (Army Ct. Crim. App. 2013). "Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious." *Hudson*, 59 M.J. at 358. An offense is a lesser included offense if its elements are the same or a subset of the

---

[2] Pursuant to the military judge's ruling, the convening authority credited appellant with 284 days against his sentence to confinement. The convening authority also deferred until action, and waived for six months from action, the automatic forfeiture of pay and allowances required by Article 58b, UCMJ, for the benefit of appellant's surviving son.

charged offense. *Schmuck v. United States*, 489 U.S. 705, 716 (1989); *See also Jones*, 68 M.J. 465.

The aggravated battery specification in question, Specification 3 of Charge III, as charged, was not a lesser-included offense of the involuntary manslaughter charge because it contained the additional element that appellant had committed the assault with the specific intent to inflict grievous bodily harm. However, when the military judge found appellant guilty only of the lesser-included offense of simple battery upon a child, he eliminated this additional element. Consequently, the offense became a lesser included offense of the involuntary manslaughter conviction. *See Schmuck*, 489 U.S. at 719 ("it is impossible to commit the greater without having first committed the lesser") (citation and internal quotation marks omitted). Although not dispositive, assault consummated by a battery is a listed lesser included offense under Article 119, UCMJ. *See Manual for Courts-Martial, United States* (2008 ed.), pt. IV, ¶44.d(1)(a).

Accordingly, appellant's conviction for the lesser included offense is multiplicious and must be set aside.

## CONCLUSION

On consideration of the entire record, the finding of guilty of Specification 3, Charge III is set aside and dismissed. We AFFIRM the remaining findings of guilty.

We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles and non-exhaustive list of factors[3] articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).

Here, all four enumerated *Winkelmann* factors support our ability to reassess appellant's sentence. First, the military judge, after convicting appellant of both offenses, found that Specification 3 of Charge III was "an unreasonable multiplication of charges" with the involuntary manslaughter conviction and further stated that he would "treat them as one for sentencing." Thus, in regards to factor one, we find our setting aside of Specification 3 of Charge III does not result in a

---

[3] (1) "Dramatic changes in penalty landscape and exposure."; (2) "Whether an appellant chose sentencing by members or a military judge alone."; (3) "Whether the nature of the remaining offenses capture the gravamen of criminal conduct included within the original offenses . . . ."; and (4) "Whether the remaining offenses are of the type that judges of the courts of criminal appeals should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *Winckelmann*, 73 M.J. at 15-16.

change in penalty landscape or exposure. Considering factor two, appellant was sentenced by a military judge alone. As for factor three, we find the nature of the remaining involuntary manslaughter conviction not only captures the gravamen of the battery charge, but as discussed above, necessarily incorporates the same misconduct found in the now dismissed battery specification. Finally, in regards to the fourth factor, the remaining offenses are the type of offenses that we have the experience and familiarity with to reliably determine what sentence would have been imposed.

Reassessing the sentence based on the error noted, the amended findings of guilty, the entire record and the matters personally raised by appellant pursuant to *Grostefon*, 12 M.J. 431, we AFFIRM the sentence as approved by the convening authority. We find this reassessed sentence is not only purged of any error, but is also appropriate. All rights, privileges and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

Judge CAMPANELLA and Judge HAIGHT concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court