# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant RIGOBERTO CARRILLO, JR.**
**United States Army, Appellant**

ARMY 20130208

Headquarters, 25th Infantry Division
David L. Conn, Military Judge
Colonel Mark A. Bridges, Staff Judge Advocate (advice and recommendation)
Lieutenant Colonel Steven M. Ranieri, Acting Staff Judge Advocate (addendum)

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Alison L. Gregoire, JA; Captain Sean P. Fitzgibbon, JA (on brief).

27 August 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A panel of officers and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of assault with a means likely to produce death or grievous bodily harm and assault by intentionally inflicting grievous bodily harm, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ]. The panel sentenced appellant to a bad-conduct discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

This case is before us for review under Article 66, UCMJ. One of appellant's assignment's of error warrants discussion and relief. His other assignment of error and personal submission made pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), do not warrant relief.

Appellant was charged and found guilty of two specifications of aggravated assault arising from a single stabbing. In Specification 1 of the Charge, appellant was charged with committing "an assault upon Specialist [DP] by stabbing him in the abdomen with a means likely to produce death or grievous bodily harm, to wit: a knife." In Specification 2 of the Charge, appellant was charged with committing "an assault upon Specialist [DP] by stabbing him in the abdomen and did thereby intentionally inflict grievous bodily harm upon him, to wit: a deep cut."

At arraignment, the trial counsel acknowledged that the offenses were pled in the alternative. During findings instructions, the military judge instructed the panel:

> Now, this is a permissible manner of charging a criminal act. You must make separate findings of whether the accused is guilty or not guilty of each of these offenses. I advise you it is possible to find the accused guilty of one offense but not the other. If you find the accused guilty of both offenses, which is also possible, I will make an appropriate determination as to how your verdict shall be construed as a matter of law.

After the panel returned findings of guilty to both specifications, the military judge merged the two specifications into a single specification:

> In that [appellant] U.S. Army, did at or near Schofield Barracks, Hawaii, on or about 4 July 2012, commit an assault on Specialist [DP], by stabbing him in the abdomen with the means likely to produce death or grievous bodily harm which was with a knife and did thereby intentionally inflict grievous bodily harm upon him to wit: a deep cut.

The military judge provided the panel with a flyer with the amended specification and properly instructed them that the maximum punishment was a dishonorable discharge, confinement for five years, total forfeitures, and reduction to the grade of E-1, which is the maximum punishment for assault by intentionally inflicting grievous bodily harm.

This court is now faced with a single specification that states two offenses. *See* Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4) ("Each specification shall state only one offense."). Ordinarily, the sole remedy for a duplicitous specification is severance of the specification into two or more specifications, each of which alleges a separate offense contained in the duplicitous specification. R.C.M. 906(b)(5) discussion. However, other remedies may be appropriate if the duplicitous specification results in other defects. *Id.* In this case, severance is an

inappropriate remedy. First, it would return the specifications to the status quo preceding the military judge's remedy and does not provide appropriate relief to appellant. Second, and more importantly, as charged, it is impossible to prove assault by intentionally inflicting grievous bodily harm without also proving assault with a means likely to produce death or grievous bodily harm.

Thus, the assault with a means likely to produce death or grievous bodily harm specification is a lesser-included offense of assault by intentionally inflicting grievous bodily harm. *See United States v. St. John*, 72 M.J. 685, 687-88 (Army. Ct. Crim. App. 2013) (examining the specifications as pleaded in applying the elements test). "Charges reflecting both an offense and a lesser-included offense are impermissibly multiplicious." *United States v. Hudson*, 59 M.J. 357, 358 (C.A.A.F. 2004), *overruled on other grounds by United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). As a remedy, we affirm a specification stating the greater offense.

This remedy does not affect the sentence for two reasons. First, the military judge instructed the panel that they could only sentence appellant for a single offense. Second, the gravamen of the offense and admissible aggravation evidence remain unchanged. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986).[*]

## CONCLUSION

Upon consideration of the entire record, including the matters submitted pursuant to *Grostefon*, this court only affirms so much of the Specification of The Charge and The Charge as follows:

> THE CHARGE: VIOLATION OF THE UCMJ, ARTICLE 128.
>
> The Specification: In that [appellant] U.S. Army, did at or near Schofield Barracks, Hawaii, on or about 4 July 2012, commit an assault on Specialist [DP], by stabbing him in the abdomen and did thereby intentionally inflict grievous bodily harm upon him to wit: a deep cut.

Reassessing the sentence on the basis of the error noted and in accordance with the principles announced in *Winckelmann*, the sentence is AFFIRMED. We find this reassessed sentence is not only purged of any error but is also appropriate. All

---

[*] We further note that the result of trial and appellant's clemency submission both indicate that appellant was convicted of two specifications. To the extent that the convening authority erroneously relied on the result of trial, we find no prejudice to appellant, in part because our relief moots any claim of prejudice.

rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court