# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class BRYAN J. HANKS**
**United States Army, Appellant**

ARMY 20120597

Headquarters, Fort Hood, Texas
James L. Varley and Patricia H. Lewis, Military Judges
Colonel Stuart W. Risch, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Captain Timothy J. Kotsis, JA (on brief).

For Appellee:  Colonel John P. Carrell, JA; Major Daniel D. Derner, JA; Captain Nathan S. Mammen, JA (on brief).

25 November 2014

------------------------------------
OPINION OF THE COURT
------------------------------------

CAMPANELLA, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of aggravated assault with a means likely to produce grievous bodily harm upon a child under the age of 16 years, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2006) [hereinafter UCMJ].  A panel of officer and enlisted members sitting as a general court-martial convicted appellant, contrary to his pleas, of maiming and aggravated assault in which grievous bodily harm is intentionally inflicted upon a child under the age of 16 years, in violation of Articles 124 and 128, UCMJ.  The panel sentenced appellant to a dishonorable discharge and confinement for 30 months.  The convening authority

approved only so much of the sentence as provided for confinement for 29 months and a dishonorable discharge.[1]

This case is before us for review under Article 66, UCMJ. Appellant raises one assigned error which requires discussion but no relief.

## BACKGROUND

One evening while his wife was away at work, appellant was at his home at Fort Hood, Texas, watching his 22-month old son, JH. Around 2130, appellant was boiling water on his stove in preparation to strip the kitchen floor. After the water reached a boil, appellant placed the pot of water on the floor. Around the same time, JH became restless and began to cry. Appellant tried unsuccessfully to soothe JH. When appellant's attempts to stop JH from crying failed, appellant became "very angry and lost [his] patience." Appellant then picked JH up, brought him into the kitchen, and holding him by his arms, forced JH's hands into the scalding water. As a result, JH suffered second degree burns on his hands and wrists. The burns ultimately resulted in significant scarring and fixed deformity.

Appellant was charged with and found guilty of the following offenses:

CHARGE I: VIOLATION OF THE UCMJ, ARTICLE 124.

> THE SPECIFICATION: In that [appellant], U.S. Army, did at or near Fort Hood, Texas, on or about 7 October 2011, maim [JH], by forcing [JH's] hands in a pot of scalding water.

CHARGE II: VIOLATION OF THE UCMJ, ARTICLE 128

> THE SPECIFICATION: In that [appellant], U.S. Army, did at or near Fort Hood, Texas, on or about 7 October 2011, commit an assault upon [JH], a child under the age of 16 years of age, by forcing [JH's] hands in a pot of scalding water, a means likely to produce grievous bodily harm, and did thereby intentionally inflict

---

[1] In the addendum to the advice to the convening authority, the staff judge advocate recommended granting appellant 30 days of clemency because of excessive post-trial delay. The convening authority also deferred automatic forfeitures until action and waived automatic forfeitures for an additional six months for the benefit of appellant's dependents.

grievous bodily harm upon [JH] to wit:  burned hands and wrists.[2]

On appeal, appellant asserts the military judge abused her discretion by not dismissing either the Specification of Charge II, aggravated assault in which grievous bodily harm was intentionally inflicted, or the Specification of Charge I, maiming, as an unreasonable multiplication of charges exaggerating appellant's criminality.  We disagree.

## LAW AND DISCUSSION

### *Multiplicity*

Before reaching the issue of unreasonable multiplication of charges, we first address the issue of multiplicity.  The government asserts the aggravated assault in this case is a lesser-included offense of maiming and is, therefore, multiplicious.[3] As a threshold matter, we do not share this opinion.

"Whether an offense is a lesser-included offense is a question of law we review de novo." *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011) (quoting *United States v. Miller*, 67 M.J. 385, 387 (C.A.A.F. 2009) (citations omitted)).

---

[2] We note that the aggravated assault specification in this case was inartfully drafted.  While it is only a single specification, it states two offenses. The assault with a means likely to produce death or grievous bodily harm specification is a lesser-included offense of assault by intentionally inflicting grievous bodily harm. See *United States v. St. John*, 72 M.J. 685, 687-88 (Army. Ct. Crim. App. 2013) (examining the specifications as pleaded in applying the elements test).  Here, the government need not have expressly pleaded a lesser-included offense in a specification stating the greater offense because, as a matter of logic, the lesser offense was "necessarily included" by implication.  UCMJ art. 79; *see* Rule for Courts-Martial [hereinafter R.C.M.] 307(c)(4) discussion ("In no case should both an offense and a lesser included offense be separately charged.").  We exercise our discretion and affirm the greater offense.  By doing so, we necessarily affirm the lesser-included offense.  The remainder of our opinion analyzes the facts and the law based on this greater offense.

[3] Notwithstanding the government's "concession," the government also argues appellant waived the multiplicity issue by not raising it at trial.

The appellant was charged with maiming JH by forcing JH's hands into a pot of scalding water on 7 October 2011.

As alleged, the Article 124 offense requires proof of three elements:

1. The appellant inflicted injury on JH by forcing JH's hands into a pot of scalding water;

2. The injury seriously disfigured JH's body, destroyed or disabled an organ or member, or seriously diminished JH's physical vigor by the injury to an organ or member; and

3. The appellant inflicted this injury with the intent to cause some injury to JH.

*See Manual for Courts-Martial, United States* [hereinafter *MCM*], (2008 ed.), pt. IV, ¶ 50.b.

As alleged, the Article 128 offense of aggravated assault in which grievous bodily harm is intentionally inflicted requires proof of four elements:

1. The appellant assaulted JH by forcing JH's hands into a pot of scalding water;

2. Grievous bodily harm was inflicted upon JH;

3. The grievous bodily harm was done with unlawful force or violence; and

4. The appellant, at the time, had the specific intent to inflict grievous bodily harm.

*See MCM*, pt. IV, ¶ 54.b.(4)(b).

To determine whether a charged offense provides sufficient notice of some other offense, both the Supreme Court and the Court of Appeals for the Armed Forces apply an elements test which analyzes whether the elements of the lesser offense are a subset of the charged offense:

Under the elements test, one compares the elements of each offense. If all of the elements of offense X are also elements of offense Y, then X is an LIO of Y. Offense Y is called the greater offense because it contains all of the elements of offense X along with one or more additional elements.

*United States v. Jones*, 68 M.J. 465, 470 (C.A.A.F. 2010).  Put another way, the Supreme Court in *Schmuck v. United States* explained: "To be necessarily included in the greater offense the lesser must be such that it is impossible to commit the greater without first having committed the lesser." 489 U.S. 705, 719 (1989) (quotation marks and citations omitted).  Normal principles of statutory construction determine whether words used in the elements of a charged offense may include other though not expressly stated words in the elements of a lesser-included offense. *United States v. Alston*, 69 M.J. 214, 216 (C.A.A.F. 2010) (citing *Carter v. United States*, 530 U.S. 255, 263 (2000)).

Applying these principles to the facts and circumstances of the present case, we find that the aggravated assault with intent to commit grievous bodily harm is *not* a lesser-included offense of maiming.  Maiming requires only the intent to injure generally but not a specific intent to maim.  *MCM*, pt. IV, ¶ 50.b.(c)(3).  Assault, in which grievous bodily harm is intentionally inflicted, on the other hand, requires the specific intent to inflict grievous bodily harm.  *MCM*, pt. IV, ¶ 54.b(4)(b)(iv). In other words, one could commit the offense of maiming without also committing the aggravated assault if the perpetrator maimed a victim intending to cause *some* injury as required by the elements of maiming, but did not intend to cause the victim *grievous bodily harm*.  Likewise, one can commit an assault in which grievous bodily harm is intentionally inflicted and not maim their victim if the bodily harm inflicted is serious but not disfiguring or permanently destructive.  These offenses can each stand alone, as "each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

As alleged in this case, the elements of aggravated assault are not a subset of the charged maiming.  We make this finding cognizant of the fact that that the offense of assault in which grievous bodily harm is intentionally inflicted is listed in the *MCM* as a lesser-included offense of maiming, Article 124, UCMJ.  *MCM*, pt. IV, ¶ 50.d.(3); *see also Jones*, 69 M.J. at 470-72 (rejecting the proposition that listing a criminal offense as a lesser-included offense in the *MCM* necessarily makes it so).  Furthermore, in so holding, we disagree with the Navy-Marine Court of Criminal Appeals' holding in *United States v. Allen*, 59 M.J. 515, 531 (N.M. Ct. Crim. App. 2013) ("We find that assault intentionally inflicting grievous bodily harm is a lesser-included offense of the more serious crime of maiming the baby.") (citing *MCM*, 1995 ed., pt. IV, ¶ 50.d.(3)).  We also decline to accept the government's concession in this regard as a panel of this court did in an earlier decision under similar circumstances. *United States v. Smith*, ARMY 20110398, 2013 CCA LEXIS 514 (Army Ct. Crim. App. 26 June 2013) ("We accept the government's concession that under the unique facts of this case, applying the elements test, there is no doubt the aggravated assault [by intentional infliction of grievous bodily harm] specification was both multiplicious and a lesser-included offense of maiming.") (citations omitted).

5

*Unreasonable Multiplication of Charges*

"What is substantially one transaction should not be made the basis for an unreasonable multiplication of charges against one person." R.C.M. 307(c)(4). The prohibition against unreasonable multiplication of charges "addresses those features of military law that increase the potential for overreaching in the exercise of prosecutorial discretion." *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012) (quoting *United States v. Quiroz*, 55 M.J. 334, 337 (C.A.A.F. 2001)). In *Quiroz*, our superior court listed five factors to guide our analysis of whether charges have been unreasonably multiplied:

> (1) Did the accused object at trial that there was an unreasonable multiplication of charges and/or specifications?;
>
> (2) Is each charge and specification aimed at distinctly separate criminal acts?;
>
> (3) Does the number of charges and specifications misrepresent or exaggerate the appellant's criminality?;
>
> (4) Does the number of charges and specifications [unreasonably] increase the appellant's punitive exposure?; and
>
> (5) Is there any evidence of prosecutorial overreaching or abuse in the drafting of the charges?

55 M.J. at 338 (internal citation and quotation marks omitted) (internal alteration reflects the holding by CAAF in *Quiroz* that "unreasonably" was the appropriate legal standard).

Applying the *Quiroz* factors to the facts of this case, first we note appellant made a sentencing objection−not a findings objection−to the charging scheme at trial. We, therefore, find this factor does not favor appellant. Second, each charged offense is aimed at a separate and different criminal purpose. *Campbell*, 71 M.J. at 24. Maiming requires an act of physical injury that degrades the appearance or function of a person in a substantially permanent nature and the precise injury inflicted need not be intended specifically by the perpetrator. Aggravated assault in which grievous bodily harm is intentionally inflicted requires a more demanding specific intent which maiming does not. Appellant's conduct consisted of a "singular act, but each one implicated multiple and significant criminal law interests, none necessarily dependent on the other." *Id.* Third, we find the separate charges do not exaggerate appellant's conduct. While the two distinct and separate

charges are based on the same act, together they accurately reflect appellant's criminality in a way that one charge standing alone would not. We also do not find in appellant's favor in regards to the fourth *Quiroz* factor, because the military judge merged the offenses for sentencing resulting in no increase in punitive exposure to appellant. Lastly, we find no evidence of prosecutorial overreaching. Having considered the *Quiroz* factors as applied to the appellant's case, we do not find an unreasonable multiplication of charges for findings.

**CONCLUSION**

Upon consideration of the entire record, we affirm only so much of the Specification of Charge II as follows:

> In that Private First Class Bryan J. Hanks, U.S. Army, did at or near Fort Hood, Texas, on or about 7 October 2011, commit an assault upon [JH], a child under the age of 16 years of age, by forcing [JH's] hands in a pot of scalding water and did thereby intentionally inflict grievous bodily harm upon [JH] to wit: burned hands and wrists.

The remaining findings of guilty are affirmed.

Because the military judge merged the aggravated assault and maiming findings for sentencing, the factors announced in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) weigh in favor of reassessing and affirming the sentence. Accordingly, the sentence is AFFIRMED.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court