# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
GLANVILLE[*], TOZZI, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MICHAEL D. RADZUIK**
**United States Army, Appellant**

ARMY 20120867

Headquarters, Joint Readiness Training Center and Fort Polk
Patricia H. Lewis, Military Judge
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant:  Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Sara E. Lampro, JA (on brief); Major Amy E. Nieman, JA; Captain Robert H. Meek, III, JA (on reply brief).

For Appellee:  Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Captain Benjamin W. Hogan, JA; Captain Carl L. Moore, JA (on brief)

9 February 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

GLANVILLE, Chief Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of attempted acquisition or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge; three specifications of conspiracy; one specification each of wrongful possession of oxymorphone, wrongful introduction of oxymorphone, wrongful distribution of oxymorphone, and wrongful use of marijuana; and one specification of acquisition or obtaining possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge, in violation of Articles 80, 81, 112a, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 881, 912a, 934 (2006) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge, confinement for six months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

---

[*] Chief Judge GLANVILLE took final action in this case while on active duty.

We now review appellant's case under Article 66, UCMJ. Both of appellant's two assignments of error warrant discussion and relief. First, we consolidate appellant's three conspiracy convictions into a single specification because appellant entered a single agreement to commit multiple crimes. *See Braverman v. United States*, 317 U.S. 49, 53 (1942) (holding that it is the "agreement which constitutes the conspiracy . . . one agreement cannot be taken to be several agreements and hence several conspiracies because it envisages the violation of several statutes rather than one"). Second, we conclude that appellant's wrongful possession of oxymorphone is necessarily included within his conviction for obtaining possession of oxymorphone by misrepresentation, fraud, forgery, deception, or subterfuge. We dismiss the lesser offense as multiplicious with the greater offense.

## BACKGROUND

Appellant and another co-conspirator entered into an agreement to acquire oxymorphone, introduce it onto Fort Polk, Louisiana, and distribute it there – in all instances without legal justification. In late November 2011, appellant obtained a copy of a prescription for oxymorphone issued to a friend and fellow soldier. Appellant scanned the prescription into his computer and altered information on it to match his own patient data and that of another co-conspirator. Over several weeks, appellant and a co-conspirator went to civilian pharmacies near Fort Polk and used the false prescriptions to fraudulently obtain possession of oxymorphone pills. Appellant and his co-conspirator brought these pills onto Fort Polk and sold them to other soldiers. However, appellant expressly noted that he obtained possession of these pills to use them personally and to distribute them on Fort Polk.

Appellant entered unconditional guilty pleas, among other offenses, to three specifications of conspiracy: 1) conspiracy to obtain possession of oxymorphone by misrepresentation, fraud, forgery, deception or subterfuge; 2) conspiracy to introduce oxymorphone onto Fort Polk; and 3) conspiracy to distribute the oxymorphone. Appellant also entered unconditional guilty pleas to obtaining possession of oxymorphone by misrepresentation, fraud, forgery, deception or subterfuge, in violation of 21 U.S.C. § 843(a)(3) (2006) (charged under Clause 3 of Article 134, UCMJ) and wrongful possession of oxymorphone, in violation of Article 112a, UCMJ.

## LAW AND DISCUSSION

a. **Conspiracy**

As we explained in an earlier decision:

"[C]onspiracy is a partnership in crime." *Pinkerton v. United States*, 328 U.S. 640, 644 (1946). The essence of a conspiracy is in the

> "agreement or confederation to commit a crime, and that is what is punishable as a conspiracy, if any overt act is taken in pursuit of it." *United States v. Bayer*, 331 U.S. 532, 542 (1947); *see Braverman v. United States*, 317 U.S. 49, 53 (1942). As such, it is ordinarily the agreement that forms the unit of prosecution for conspiracy, "even if it contemplates the commission of several offenses." Rollin M. Perkins & Ronald N. Boyce, *Criminal Law* 683 (3rd ed. 1982) (citing *Braverman*, 317 U.S. at 53); see *United States v. Pereira*, 53 M.J. 183, 184 (C.A.A.F. 2000) (finding single conspiracy to commit murder, robbery, and kidnapping); *cf. United States v. Universal C. I. T. Credit Corp.*, 344 U.S. 218, 221 & n.3 (1952) (introducing concept of "unit of prosecution").

*United States v. Finlayson*, 58 M.J. 824, 826 (Army Ct. Crim. App. 2003). Among the factors we use to determine the number of conspiracies include "(1) the objectives and (2) nature of the scheme in each alleged conspiracy; (3) the nature of the charge and (4) the overt acts alleged in each; (5) the time and (6) location of each of the alleged conspiracies; (7) the conspiratorial participants in each; and (8) the degree of interdependence between the alleged conspiracies." *Id.* at 827.

Here, the objective of the scheme was to fraudulently acquire oxymorphone and distribute it on Fort Polk. Put another way, each specification identifies different object offenses. However, appellant and his co-conspirator had a single agreement to commit multiple offenses. The government concedes we should consolidate the three specifications into a single specification, and we accept that concession.

### b. Multiplicity

Appellant alleges his conviction for wrongfully possessing oxymorphone (Specification 1 of Charge II) is a lesser-included offense of obtaining possession of oxymporphone by misrepresentation, fraud, forgery, deception, or subterfuge (the Specification of Charge III). "Offenses are multiplicious if one is a lesser-included offense of the other." *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). Lesser-included offenses are "necessarily included" within the greater offense. *See* UCMJ art. 79; *cf. United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010); *see also United States v. St. John*, 72 M.J. 685, 688 (Army Ct. Crim. App. 2013) (examining the elements as pleaded in applying the elements test).

It is difficult to conceive of a case where one obtains possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge without also wrongfully possessing that controlled substance. *Cf. United States v. McElwee*, 646 F.3d 328, 342 (5th Cir. 2011) (upholding trial judge's decision not to give lesser-included offense instruction to possession in a 21 U.S.C. § 843(a)(3)

prosecution where no rational juror could acquit the accused of the greater offense but yet convict of the lesser). Here, given appellant's statements at the providence inquiry and his stipulation of fact, it is impossible to commit the Title 21 offense without also committing wrongful possession of a controlled substance under Article 112a.

As a matter of logic, the act of possession is broader factually than the act of obtaining possession. However, both our superior court and the Supreme Court have disapproved dual convictions where one offense is broader than the other in similar circumstances. *See United States v. Zubko*, 18 M.J. 378 (C.M.A. 1984) (wrongful possession of a controlled substance is a lesser-included offense of wrongful distribution of a controlled substance where the quantity possessed is the quantity distributed); *Ball v. United States*, 470 U.S. 856 (1985) (Congress did not intend for an accused to be found guilty of both receiving a firearm shipped in interstate commerce and possessing that same firearm). We find that same reasoning applies here and that wrongfully possessing oxymorphone is a lesser-include offense of the charged Title 21 offense.

c. **Reassessment**

We are convinced these errors do not affect the sentence. *See United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) (establishing a framework to determine whether a sentence can be reassessed). Our remedy does not affect the gravamen of appellant's misconduct. He was sentenced by a military judge alone, and we are sufficiently familiar with the remaining offenses to be confident as to what the sentence would have been absent the error.

**CONCLUSION**

Upon consideration of the entire record, Specifications 1, 2, and 3 of Charge I are consolidated into the Specification of Charge I, to read as follows:

> In that [appellant], U.S. Army, did at or near Fort Polk, Louisiana, between on or about 15 November 2011 and on or about 6 February 2012, conspire with Specialist Keith Donovan to commit offenses under the Uniform Code of Military Justice, to wit: knowingly obtaining possession of a controlled substance, oxymorphone, a schedule II controlled substance, by misrepresentation, fraud, forgery, deception or subterfuge in violation of Title 21, United States Code, Section 843, such conduct being prejudicial to good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces; wrongful introduction of oxymorphone, a schedule II controlled substance onto a vessel, aircraft, vehicle or installation used by the armed forces, to wit: Fort Polk, Louisiana, with the intent to distribute

4

said controlled substance; and wrongful distribution of oxymorphone, a schedule II controlled substance, and in order to effect the object of the conspiracy the said [appellant] did create fraudulent prescriptions for oxymorphone and present a fraudulent prescription to Walgreens Pharmacy, Leesville, Louisiana.

The consolidated specification as amended is AFFIRMED. The finding of guilty of Specification 1 of Charge II is set aside. Specification 1 of Charge II is dismissed. The remaining findings of guilty are AFFIRMED. The sentence as approved by the convening authority is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are hereby ordered restored.

Senior Judge TOZZI and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court