CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Staff Sergeant CHARLES W. HASKETT**
**United States Army, Appellant**

ARMY 20130581

Headquarters, U.S. Army Training Center and Fort Jackson
David H. Robertson, Military Judge (arraignment)
Kirsten V.C. Brunson, Military Judge (trial)
Colonel Steven B. Weir, Staff Judge Advocate (pretrial)
Lieutenant Colonel Robert L. Manley III, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Major A.G. Courie III, JA; Captain Tara E. O'Brien, JA (on brief).

20 November 2015[1]

----------------------------------
SUMMARY DISPOSITION
----------------------------------

TOZZI, Senior Judge:

A panel of officer members sitting as a general court-martial convicted appellant, contrary to his pleas, of three specifications of violating a general regulation, two specifications of maltreatment, two specifications of sexual assault, three specifications of abusive sexual contact, one specification of aggravated sexual contact, one specification of assault consummated by a battery, and one specification of false official statement, in violation of Articles 92, 93, 120, 128, and 107 Uniform Code of Military Justice, 10 U.S.C. §§ 892, 893, 920, 928, 907 (2012) [hereinafter UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to E-1. The convening

---

[1] Corrected

authority approved the findings and only so much of the sentence extending to a dishonorable discharge, confinement to five years and eleven months, forfeiture of all pay and allowances, and a reduction to E-1.[2]

We now review appellant's case under Article 66, UCMJ. Appellant raises one assignment of error. We find the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit. In his sole assignment of error, appellant alleges the military judge committed plain error by failing to find the Specification of Charge IV (assault consummated by a battery) multiplicious with Specification 6 of Charge III (aggravated sexual contact). We agree and provide relief in our decretal paragraph.

## LAW AND DISCUSSION

Appellant was found guilty, *inter alia*, of the following violations of the UCMJ:

CHARGE III: Violation of the UCMJ, Article 120.

Specification 6: In that [appellant], U.S. Army, did, at or near Fort Jackson, South Carolina, on or about 1 December 2012, touch through the clothing the breast of Private M.R.T., by using unlawful force, with an intent to arouse and gratify the sexual desire of [appellant].

CHARGE IV: Violation of the UCMJ, Article 128.

The Specification: In that [appellant], U.S. Army, did, at or near Fort Jackson, South Carolina, on or about 1 December 2012, unlawfully grab with his hands the wrist and elbow of Private M.R.T..

Appellant's convictions for aggravated sexual contact and assault consummated by a battery arose from the same incident. Appellant, while serving as a drill sergeant, engaged in an inappropriate conversation with Private (PVT) M.R.T., a trainee, who was on fireguard duty in the barracks.[3] Appellant was

---

[2] The convening authority credited appellant with thirty days against his sentence to confinement for post-trial delay.

[3] This conversation resulted in appellant's conviction of one specification of violating a general regulation under Article 92, and one specification of maltreatment under Article 93.

standing on a balcony outside the window of the barracks when he asked PVT M.R.T. to give him a "high five." After PVT M.R.T. complied, appellant grabbed M.R.T.'s wrist and elbow, pulled her closer towards him, and subsequently touched her breast through her clothing. Private M.R.T. testified that appellant did not let go of her prior to touching her breast, although he "pulls harder" after she attempted to pull back from him. We find the grabbing of PVT M.R.T.'s wrist, elbow, and the touching of her breast occurred very close in time if not nearly simultaneously.

Failure to make a timely objection based on multiplicity grounds results in forfeiture of the issue. *United States v. Lloyd*, 46 M.J. 19, 23 (C.A.A.F. 1997). However, "appellant may show plain error and overcome forfeiture by proving the specifications are facially duplicative." *United States v. St. John*, 72 M.J. 685, 687 n.1 (Army Ct. Crim. App. 2013). "Facially duplicative means the factual components of the charged offenses are the same." *St. John*, 72 M.J. at 687. "The test to determine whether an offense is factually the same as another offense, and therefore lesser-included to that offense, is the 'elements' test." *United States v. Hudson*, 59 M.J. 357, 359 (C.A.A.F. 2004)(citing *United States v. Foster*, 40 M.J. 140, 142 (C.M.A. 1994)). "Offenses are multiplicious if one is a lesser-included offense of the other." *United States v. Palagar*, 56 M.J. 294, 296 (C.A.A.F. 2002). "Whether an offense is a lesser-included offense is a matter of law we review de novo." *United States v. Arriaga*, 70 M.J. 51, 54 (C.A.A.F. 2011).

Here, the military judge instructed the panel that the unlawful force element for both aggravated sexual contact and assault consummated by a battery offenses was that appellant grabbed M.R.T's wrist and elbow. We conclude that the assault consummated by a battery specification facially duplicates the aggravated sexual contact specification because it merely describes the force used to commit the aggravated sexual contact. It is clear from the record that appellant's commission of aggravated sexual contact necessarily includes the assault consummated by a battery. *See* UCMJ art. 79; *cf. United States v. Jones*, 68 M.J. 465 (C.A.A.F. 2010). The lesser offense of assault consummated by a battery is thus multiplicious with the greater offense of aggravated sexual contact. Accordingly, we find that appellant's conviction of both offenses was plain error and we will dismiss the lesser-included offense.

**CONCLUSION**

After consideration of the entire record, the finding of guilty of the Specification of Charge IV is set aside and that specification is dismissed. The remaining findings of guilty are AFFIRMED.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior

HASKETT—ARMY 20130581

court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). In evaluating the *Winckelmann* factors, we first find no dramatic change in the penalty landscape that might cause us pause in reassessing appellant's sentence, as the dismissal of the Specification of Charge IV lowers the potential maximum sentence from sixty-three years and six months to sixty-three years. We find the remaining offenses capture the gravamen of appellant's criminal conduct. Finally, based on our experience, we are familiar with the remaining offenses so that we may reliably determine what sentence would have been imposed at trial.

Reassessing the sentence on the basis of the error noted, the entire record, and in accordance with the principals of *Winckelmann*, we AFFIRM the approved sentence. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by this decision, are ordered restored.

Judge CAMPANELLA and Judge CELTNIEKS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4