# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant AARON W. R. LONG**
**United States Army, Appellant**

ARMY 20150337

Headquarters, Seventh Army Joint Multinational Training Command
Joshua S. Shuey, Military Judge
Lieutenant Colonel Sean T. McGarry, Staff Judge Advocate (pretrial)
Major Edward B. Martin, Acting Staff Judge Advocate (recommendation)
Lieutenant Colonel Eugene Y. Kim, Staff Judge Advocate (addendum)

For Appellant:  Colonel Mary J. Bradley, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jaladoni, JA (on brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Melissa Dasgupta Smith, JA; Captain Jennifer A. Donahue, JA (on brief).

28 February 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

Appellant raises two assignments of error,[1] one of which merits discussion. Appellant alleges the military judge committed plain error by failing to find Specifications 4 and 5 of Charge I (sexual assault and attempted sexual assault) multiplicious with Specification 4 of Charge II (maltreatment).  We agree and provide relief in our decretal paragraph.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of attempted sexual assault, one

---

[1] Appellant also alleges the evidence is legally and factually insufficient to sustain the conviction for attempted sexual assault in Specification 5 of Charge I.  We disagree.

specification of sexual assault, and one specification of maltreatment in violation of Articles 80, 93, and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 893, 920 (2012) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, reduction to E-1, and a reprimand. The convening authority approved the findings and the sentence.

We now review appellant's case under Article 66, UCMJ. We find the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), are without merit.

**LAW AND DISCUSSION**

Appellant was found guilty, *inter alia*, of the following violations of the UCMJ:

CHARGE I: Violation of the UCMJ, Article 120

Specification 4: In that [appellant], did, at or near Vilseck, Germany, on or about 26 May 2014, commit a sexual act upon Specialist [(SPC) RC], to wit: placing [SPC RC's] penis into the said [appellant's] mouth, when [appellant] knew or reasonably should have known that SPC [RC] was asleep.

Specification 5: In that [appellant], did, at or near Vilseck, Germany, on or about 26 May 2014, commit a sexual act upon [SPC RC], to wit: placing [SPC RC's] penis into the said [appellant's] anus, when [appellant] knew or reasonably should have known that SPC [RC] was asleep. [2]

CHARGE II: Violation of the UCMJ, Article 93

Specification 4: In that [appellant], did, at or near Vilseck, Germany, on or about 26 May 2014, maltreat [SPC RC], a person subject to his orders, by placing [SPC RC's] penis into the said [appellant's] mouth, by attempting to place SPC [RC's] penis into the said

---

[2] Appellant was found guilty of the lesser-included offense of attempted sexual assault.

[appellant's] anus, when [appellant] knew or reasonably
should have known that [SPC RC] was asleep.[3]

Appellant's convictions arose from the same incident. The maltreatment
specification mirrors the language in Specifications 4 and 5 of Charge I, only adding
the maltreatment language.

On 25 May 2014, appellant and members of his platoon to include SPC RC
attended a party. Alcohol was consumed by most of the people at the party. After
the party, SPC RC and appellant continued to consume alcohol and listen to music in
appellant's room. Sexual activity ensued between appellant and SPC RC. In the
early morning hours of 26 May 2014, appellant woke up and saw SPC RC, who was
still asleep, had an erection. Appellant performed fellatio on SPC RC and then
attempted to have anal sex by inserting SPC RC's penis into his anus. When
SPC RC woke up, he put his hands up in a defensive gesture and appellant stopped
what he was doing. Specialist RC then got dressed and left appellant's room.

Multiplicity occurs when two offenses are "facially duplicative," which is a
question of law reviewed de novo. *United States v. Pauling*, 60 MJ 91, 94 (C.A.A.F.
2004). Failure to make a timely objection based on multiplicity grounds results in
forfeiture of the issue. *United States v. Lloyd*, 46 M.J. 19, 21-23 (C.A.A.F. 1997).
However, an "appellant may show plain error and overcome forfeiture by proving
the specifications are facially duplicative." *United States v. St. John*, 72 M.J. 685,
687 n.1 (Army Ct. Crim. App. 2013). "Facially duplicative means the factual
components of the charged offenses are the same." *Id.* at 687.

The government concedes and we conclude the maltreatment specification
facially duplicates the sexual assault specification with the addition of the
maltreatment language. *See generally United States v. Frelix-Vann*, 55 MJ 329
(C.A.A.F. 2001). The offense of maltreatment is thus multiplicious with the sexual
assault. Accordingly, we find appellant's conviction of both offenses was plain
error.

**CONCLUSION**

After consideration of the entire record, the finding of guilty of
Specification 4 of Charge II is set aside and that specification is dismissed. The
remaining findings of guilty are AFFIRMED.

---

[3] After findings but before sentencing, the military judge, sua sponte, reconsidered
the findings of guilt concerning Specifications 4 and 5 of Charge II and amended
Specification 4 by inserting the word's "by attempting to place [SPC RC's] penis
into [appellant's] anus" after the word, "mouth." Specification 5 of Charge II was
dismissed.

We are able to reassess the sentence on the basis of the errors noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013). There is no change to the penalty landscape because the military judge merged Specification 4 of Charge II with Specifications 4 and 5 of Charge I for sentencing. Reassessing the sentence on the basis of the noted error, the remaining findings of guilty, and the entire record, we AFFIRM the sentence as approved by the convening authority. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the findings set aside by our decision, are ordered restored. *See* UCMJ arts. 58b(c), 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4